747 So.2d 439 (1999)
Shana THORNTON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3238.
District Court of Appeal of Florida, Fourth District.
December 15, 1999.
*440 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina JimenezOrosa, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
In this case we primarily address that portion of the appeal directed at the trial court's denial of appellant Shana Thornton's motion to withdraw her plea. This court has jurisdiction. See Fla. R.Crim. P. 3.170(1); Fla. R.App. P. 9.140(b)(2)(B)(iii).
This case involved serious charges against a 17-year-old defendant: armed carjacking, armed kidnapping, and armed robbery. The attorneys for the state and the defendant engaged in extensive preplea discussions with the court. The defendant hoped for sentencing as a juvenile. The defendant entered a plea to the court, without any limitation on the court's sentencing discretion. The judge sentenced the defendant concurrently on each count to 15 years in the Department of Corrections, with a three year mandatory minimum sentence, to be followed by four years of probation. Within 30 days of the rendition of sentence, the defendant moved to withdraw her plea. After a hearing, the trial court denied the motion.
We have carefully reviewed the record in this case. As appellant points out in her brief, the plea colloquy with the defendant was "casual in its observance of formalities usually attendant to taking pleas."[1] Florida Rule of Criminal Procedure 3.170(k) requires a trial court to determine that a defendant's plea is voluntary. One aspect of a voluntary plea is that the defendant understand the reasonable consequences of the plea, including "the mandatory minimum penalty provided by law, if any." Fla. R.Crim. P. 3.172(c)(1); see Daniels v. State, 716 So.2d 827, 828 (Fla. 4th DCA 1998). The record *441 does not reflect that the trial court advised the defendant that she faced a mandatory minimum sentence of three years imprisonment if the court chose to sentence her as an adult. Although the defendant signed a preprinted plea form stating, "I have been advised of the maximum and minimum penalties for the offenses I am charged with," the trial judge did not discuss the mandatory minimum sentence with the defendant.
As we wrote in Lu v. State, 683 So.2d 1110, 1112 (Fla. 4th DCA 1996), "a judge using a preprinted rights form as a part of a plea colloquy must orally verify that the defendant has intelligently consumed the written information contained within it." We observed in Lu that,
[d]ue process requires a court accepting a plea to carefully inquire into the defendant's understanding of the proceeding, so that the record contains an affirmative showing that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This responsibility of the trial court is demonstrated in ... Koenig v. State, 597 So.2d 256 (Fla. 1992).... The defendant in Koenig, attacked his plea by asserting that the record did not show an intelligent and voluntary waiver of his constitutional rights. Before his plea conference, the defendant had signed a form which described in detail the rights he was waiving. He told the trial judge that he had "discussed" the form with his attorney. Holding that the trial court's abbreviated colloquy with the defendant failed to comply with rule 3.172(c), the supreme court made the following observation concerning the trial court's use of the plea form:
[T]here is nothing in the record to demonstrate that [the defendant] could understand the form he signed or what his attorney told him about it. The record does not reflect the extent of Koenig's education or whether he can even read. We simply cannot be assured, from the superficial plea colloquy here, that Koenig's plea was voluntary and intelligent.

Id. at 258; see Watson v. State, 667 So.2d 242, 245 (Fla. 1st DCA 1995).
Lu, 683 So.2d at 1112.
For a plea to be voluntary, the defendant must be fully advised of the direct consequences of the plea. See State v. Green, 421 So.2d 508, 509 (Fla.1982); Daniels, 716 So.2d at 828. "Failure to so advise prohibits a defendant from rendering a truly voluntary and knowledgeable waiver of the constitutional rights inherent in the plea arrangement." Green, 421 So.2d at 509 (citations omitted). A mandatory minimum sentence is a direct consequence of a defendant's plea, and the failure to advise a defendant of this consequence renders a plea involuntary. See State v. Coban, 520 So.2d 40, 42 (Fla.1988). In this case, the failure to discuss the mandatory minimum adult sentence with the defendant occurred in a plea conference that only superficially complied with the requirements of Florida Rule of Criminal Procedure 3.172(c). The court's discussions with counsel cannot substitute for the rule's requirement that the trial judge "address the defendant personally and ... determine that he or she understands" the matters enumerated in the rule. For these reasons, we reverse and remand to the trial court, where appellant shall be given an opportunity to withdraw her plea. See Coban, 520 So.2d at 41-42; Green, 421 So.2d at 509-10; Byrd v. State, 643 So.2d 1209 (Fla. 1st DCA 1994).
Because we have decided the case on the deviations from the rules of criminal procedure, we do not reach another issue raised by appellantthat the trial court was without jurisdiction to impose sentence. The judge who accepted the plea, imposed sentence, and denied the motion to withdraw the plea, was a county judge appointed as an acting circuit judge by the chief judge of the seventeenth judicial circuit. See Fla. R. Jud. Admin. 2.050(b)(4). The *442 order appointing the county judge had expired by the time of sentencing. No new order of temporary assignment was entered. We do not decide in this case whether this court has the authority to review a challenge to the trial court's jurisdiction based on the expiration of an order of temporary assignment. See Wild v. Dozier, 672 So.2d 16, 18 (Fla.1996); Holsman v. Cohen, 667 So.2d 769 (Fla.1996).[2] We note that any jurisdictional problem could have been cured by the issuance of an order of temporary assignment covering this case. See Card v. State, 497 So.2d 1169, 1172-73 (Fla.1986).
Also, in light of the reversal, we do not reach the argument raised in point IV of appellant's brief regarding double jeopardy.
REVERSED AND REMANDED.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] For example, during the plea colloquy, there was no identification of the charges to which the defendant was entering a plea; there was no specification of the nature of the plea being entered, whether it was "guilty" or "no contest"; there was an abbreviated explanation of the maximum penalty provided by law, apparently applying the sentencing guidelines; and other than the question, "[d]id you read and understand what your rights are?," there was no discussion of the rights described in Florida Rule of Criminal Procedure 3.172(c)(2), (3), (4), and (5).
[2] The argument in favor of this court's jurisdiction is that this case did not involve an evaluation of the continuing effectiveness of an administrative order, like that at issue in Wild v. Dozier, 672 So.2d 16 (Fla.1996). Such a case would fall under the supreme court's power to oversee the administrative supervision of all courts. Rather, this case concerned the continuing jurisdiction of a county judge to hear a case after an order of temporary assignment had expired. Such an issue would appear to be properly considered in this court, falling under Florida Rule of Appellate Procedure 9.140(b)(2)(B)(i), which permits a defendant who pleads guilty or nolo contendere to directly appeal "the lower tribunal's lack of subject matter jurisdiction."