911 So.2d 259 (2005)
STATE of Florida, Appellant,
v.
Kevin COLEMAN, Gary Lee Wilson and Jeffrey Sean Hamilton, Appellees.
Nos. 5D04-2739 to 5D04-2741.
District Court of Appeal of Florida, Fifth District.
September 30, 2005.
*260 Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
Charles P. Vaughn, Inverness, for Appellees Gary Lee Wilson and Jeffrey Sean Hamilton.
No Appearance for Appellee Kevin Coleman.
TORPY, J.
In these consolidated cases, the State challenges the trial court's orders granting motions to suppress drugs found in vehicles after a police dog gave indications that drugs were present. Although the State established that the dog had been trained and certified, the court based its ruling on the failure of the State to establish the dog's "track record." The State also challenges the lower court's orders excluding testimony from the dog's handler about the dog's track record, because records prepared by the handler had been lost. We reverse.
In separate incidents, Citrus County Sheriff's Deputy Phelps and his narcotics detection dog, Thor, discovered drugs in vehicles that had been stopped for traffic violations. Phelps and Thor had been trained and certified by an FDLE certified trainer. Their training consisted of a 480-hour program. Evidence was introduced outlining the details of the training program, the criteria for choosing which dogs to use as drug dogs, and the criteria necessary for the dog and handler to pass the course and obtain "certification." Although Phelps prepared and maintained written documentation concerning the dog's success rate in the field, those records were inadvertently lost after Phelps left the employ of Citrus County.
Motions in limine and to suppress were filed by Appellees, all of which were predicated on the loss of Thor's field track records. Appellees successfully argued that, although Phelps had personal knowledge of Thor's track record apart from his written records, his testimony should be excluded. In granting Appellees' motions in limine, the lower court concluded that to allow Phelps to testify about Thor's track record would amount to violations of substantive due process. Once Phelps's testimony was excluded, the court concluded that the State could not meet its burden of showing Thor's track record as required by Matheson v. State, 870 So.2d 8 (Fla. 2d DCA 2003).
On appeal, the State launches a two-part challenge to the lower court's rulings. First, the State urges that it did not have the burden of showing Thor's track record. In advancing this argument, the State urges that we decline to follow Matheson. Second, the State argues that, even if it had that burden, it could have met it by introduction of Phelps's testimony and that *261 the lower court erred in ruling that the testimony was inadmissible. We agree with the State on both points.
In Matheson, the Second District Court held that to establish probable cause for a search based on a drug detection dog's alert, the state must, among other things, affirmatively show evidence of the dog's "track record." Recently, however, the Fourth District Court, after concluding that Matheson was not in the "mainstream," reached a contrary conclusion on this issue. State v. Laveroni, 910 So.2d 333 (Fla. 4th DCA 2005). Having reviewed both decisions and the authorities upon which they rely, we align ourselves with the Fourth District Court and conclude:
[T]hat the state can make a prima facie showing of probable cause based on a narcotic dog's alert by demonstrating that the dog has been properly trained and certified. If the defendant wishes to challenge the reliability of the dog, he can do so by using the performance records of the dog, or other evidence, such as expert testimony.... Whether probable cause has been established will then be resolved by the trial court.
Id. at 336. Because the State made a prima facie showing of probable cause, it was error to grant the motions to suppress on this record. We certify that we are in conflict with Matheson on this point.
As to the State's second assignment of error  the exclusion of Phelps's testimony regarding Thor's performance  we again conclude that the lower court erred. This evidence was clearly relevant because it tended to show that the police reasonably relied upon the dog's alert. Therefore, the evidence was admissible, unless otherwise prohibited by law. See § 90.402, Fla. Stat. (2005) (unless prohibited by law, all relevant evidence is admissible). The only ground upon which the trial court relied in excluding the evidence was that the admission of such evidence would violate Appellees' rights to substantive due process. However, to sanction the State on due process grounds, based upon the loss or destruction of potentially exculpatory, documentary evidence, there must be a showing of bad faith. Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). Here, the lower court specifically determined that the loss of the records did not involve bad faith. Thus, the trial court erred in excluding the otherwise admissible testimony.[1]
On remand, the court shall allow the State and defense to re-open the evidence, should they desire, to present additional evidence regarding the dog's reliability, including the previously excluded testimony of Phelps.
REVERSED AND REMANDED; CONFLICT CERTIFIED.
THOMPSON and PALMER, JJ., concur.
NOTES
[1] Because Phelps's testimony was based upon his personal knowledge and independent recollection, rather than information derived from the documents, objections based upon hearsay or the best evidence rule were not available, nor were they advanced by Appellees here or below.