927 So.2d 1064 (2006)
Robert TOWNSEND, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1171.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
*1065 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals an order that denied his amended motion to withdraw his plea. He argues that the plea was involuntary because both his trial counsel and the trial court failed to inform him of the three-year mandatory minimum sentence. We agree and reverse.
The State charged the defendant with multiple counts including trafficking. The defendant entered a plea of no contest to the charges based upon the State's offer of 50.6 months to resolve multiple cases. After sentencing, the defendant moved pro se to withdraw the plea on the basis that it was entered involuntarily because his special public defender did not advise him of the three-year mandatory minimum sentence. After a long period of inactivity and without an evidentiary hearing, the trial court denied the motion.
The defendant maintains his position on appeal that his plea was involuntary because both his counsel and the trial court failed to inform him of the three year mandatory minimum sentence. He also argues that despite the fact that the written plea contained language advising him of the mandatory minimum sentence, the trial court failed to conduct a sufficient inquiry to determine if he was able to comprehend the written plea form. The State responds that the trial court did not abuse its discretion when it denied the motion and that the defendant's reliance on Thornton v. State, 747 So.2d 439 (Fla. 4th DCA 1999), is misplaced. The State also argues that it is irrelevant whether trial counsel informed the defendant of the three-year mandatory minimum because he was informed of it on the record by the State when it advised the court that the charge carried a three-year mandatory minimum.
We review an order on a motion to withdraw a plea for abuse of discretion. Hill v. State, 895 So.2d 1122, 1123 (Fla. 4th DCA 2005). When the motion is filed after sentencing, we will reverse only when a manifest injustice has occurred. Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003).
One of the authorized bases for bringing a motion to withdraw plea after sentencing is when the plea was entered involuntarily. Fla. R.Crim. P. 3.170(l); Fla. R.App. P. 9.140(b)(2)(A)(ii)c. "A mandatory minimum sentence is a direct consequence of a defendant's plea, and the failure to advise a defendant of this consequence renders a plea involuntary." Thornton, 747 So.2d at 441.
Under rule 3.170(l), Florida Rules of Criminal Procedure, the trial court is not required to hold an evidentiary hearing on a motion to withdraw plea. However, when the record fails to conclusively refute the defendant's allegation of entitlement to relief, due process requires an evidentiary hearing. Snodgrass, 837 So.2d at 509.
The colloquy in this record fails to conclusively refute the defendant's allegation that his lawyer failed to advise him of the *1066 three-year mandatory minimum sentence. See Cherry v. State, 837 So.2d 597, 598 (Fla. 2d DCA 2003). While the record reflects a comment by the State to the court concerning the three year mandatory minimum, it is insufficient to establish that the defendant was informed of that fact by his counsel. Not only is that allegation not refuted, the record reveals that the trial court also failed to determine if the defendant understood the nature of the charges against him, the mandatory minimum sentence, and the maximum sentence possible.
The State argues that because the defendant signed a written Acknowledgement of Plea and Waiver of Rights form containing the three-year mandatory minimum sentence, he had notice of the terms of the agreement rendering his plea voluntary. However, the trial court made no effort to determine if the defendant could read the form, had the requisite level of education or mental capacity to understand the form, or whether the form had been read or explained to him. See Snodgrass, 837 So.2d at 509 (finding that the existence of a signed plea agreement was relevant evidence of the voluntariness of the defendant's plea but it was not dispositive). "`[A] judge using a preprinted rights form as a part of a plea colloquy must orally verify that the defendant has intelligently consumed the written information contained within it.'" Thornton, 747 So.2d at 441 (quoting Hen Lin Lu v. State, 683 So.2d 1110, 1112 (Fla. 4th DCA 1996)).
We therefore reverse the order denying the defendant's motion to withdraw plea and remand for an evidentiary hearing.
Reversed and Remanded.
STONE and FARMER, JJ., concur.