968 So.2d 631 (2007)
Randy Dewayne GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2106.
District Court of Appeal of Florida, Second District.
October 26, 2007.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Randy Dewayne Gibson appeals an order denying his dispositive motion to suppress following his nolo contendere plea to carrying a concealed firearm, possession of cocaine, and possession of drug paraphernalia. We find no merit in Gibson's argument that the search of his vehicle was illegal because police unreasonably delayed the traffic stop to allow a canine search of his vehicle. We do find merit, however, in Gibson's claim that under the standard articulated in Matheson v. State, 870 So.2d 8 (Fla. 2d DCA 2003), the State failed to establish that the narcotics detection dog's alert provided probable cause for the search. Accordingly, we reverse.
In Matheson, this court rejected the argument that the State can make a prima facie showing of probable cause for a search based on a narcotics detection dog's alert by demonstrating that the dog has been properly trained and certified. Id. at 12. Instead, this court held that the fact that a dog has been trained and certified to detect narcotics, standing alone, does not justify an officer's reliance on the dog's alert to establish probable cause. Id. at 14. To demonstrate that an alert by a narcotics detection dog is sufficiently reliable to furnish probable cause to search, the State must introduce evidence of the dog's "track record" or performance history. Id. Although the officer who handled the dog testified that the dog was certified and had completed 400 hours of *632 training, the State failed to elicit any testimony from him regarding the dog's track record. The officer admitted that drugs are not always found when the dog alerts, but he could not quantify the percentage of false alerts. Under Matheson, the officer's testimony was inadequate to establish the dog's reliability. Thus, the State did not meet its burden to demonstrate that the officers had probable cause to search Gibson's car.
In reversing, we certify direct conflict with State v. Coleman, 911 So.2d 259 (Fla. 5th DCA 2005), and State v. Laveroni, 910 So.2d 333 (Fla. 4th DCA 2005), both of which hold that the State can make a prima facie showing of probable cause based on a narcotics detection dog's alert by demonstrating that the dog has been properly trained and certified.
Reversed and remanded for further proceedings consistent with this opinion; conflict certified.
WHATLEY and SILBERMAN, JJ., Concur.