PER CURIAM.
We reverse the order that denied N.C.’s motion to withdraw his plea.
N.C. entered a nolo contendere plea to sexual battery. As part of the plea agreement, N.C. signed a printed form contain *876 ing notification of the possible future applicability of the Jimmy Ryce Act. Although the trial court received the printed form at the time the plea was entered, the trial judge failed to personally address this issue with N.C. and determine that he understood the potential consequence of the Act. For this reason, we reverse the lower court’s order with directions that N.C. be permitted to withdraw his plea and proceed to trial. See Koenig v. State, 597 So.2d 256, 258 (Fla.1992) (vacating conviction and sentence where trial court failed to determine whether defendant understood plea form or information his attorney relayed regarding plea); Thornton v. State, 747 So.2d 439, 441 (Fla. 4th DCA 1999) (reiterating that “a judge using a preprinted rights form as a part of a plea colloquy must orally verify that the defendant has intelligently consumed the written information contained within it”).
REVERSED and REMANDED.
SAWAYA, MONACO and TORPY, JJ., concur.