MORRIS, Judge.
The State appeals an order granting Matthew Wilson McNeal’s motion to suppress. We affirm based on this court’s holding in Matheson v. State, 870 So.2d 8, 14-15 (Fla. 2d DCA 2003), that “the fact that a dog has been trained and certified, standing alone, is insufficient to give officers probable cause to search based on the dog’s alert” and that when making a determination of a dog’s reliability, a trial court must consider several other factors with a particular emphasis placed on the dog’s past performance in the field. However, we previously recognized in both Tedder v. State, 18 So.3d 1052 (Fla. 2d DCA 2008), and Gibson v. State, 968 So.2d 631 (Fla. 2d DCA 2007), that this court’s reasoning in Matheson has been rejected by the Fifth District Court of Appeal in State v. Coleman, 911 So.2d 259 (Fla. 5th DCA 2005), and the Fourth District Court of Appeal in State v. Laveroni, 910 So.2d 333 (Fla. 4th DCA 2005).[1] Therefore, as we did in Ted-der and Gibson, we certify direct conflict with Coleman and Laveroni.
Affirmed; conflict certified.
CASANUEVA, C.J., and CRENSHAW, J., Concur.

. In Harris v. State, 989 So.2d 1214 (Fla. 1st DCA 2008), the First District Court of Appeal affirmed without opinion, while citing to both Coleman and Laveroni. Although the court did not certify conflict, it did acknowledge that Gibson and Matheson stand for an opposing proposition. Harris, 989 So.2d at 1214.