MONACO, J.
 

 Originally we affirmed this case
 
 per curiam,
 
 citing
 
 State v. Coleman,
 
 911 So.2d 259 (Fla. 5th DCA 2005), as the basis for our determination. In
 
 Harris v. State,
 
 71 So.3d 756 (Fla.2011), however, the Florida Supreme Court disapproved of
 
 Coleman,
 
 and specifically approved
 
 Matheson v. State,
 
 870 So.2d 8 (Fla. 2d DCA 2003), the case relied on by the appellant, Marvin Joe, in the appeal of his judgment and sentence to this court.
 
 Harris
 
 was decided a day after the mandate in the present case was issued. Accordingly, at Mr. Joe’s request we recalled the mandate and reconsidered his appeal. We now withdraw our previous opinion in this case and substitute this opinion for it. Having done so, we conclude that an affirmance is still in order because under the totality of circumstances, the requisites of
 
 Harris
 
 were met in the present case.
 

 The issue raised by Mr. Joe is whether the trial court erred in denying his motion to suppress evidence seized as a result of a search based on a dog sniff alert. Mr. Joe postulated that the information concerning the training of the dog that was presented to the court was insufficient to satisfy the requirements of probable cause.
 

 The information that must be presented by the State to justify the admission of the fruits of a seizure based on a dog sniff alert was set forth in
 
 Harris.
 
 The supreme court there first pointed out that it was adopting a “totality of the circumstances approach” in conducting its probable cause analysis.
 
 Harris,
 
 71 So.3d at 771. It went on to say the State bears the
 
 *793
 
 burden of establishing probable cause, and that:
 

 [T]he State must present the training and certification records, an explanation of the meaning of the particular training and certification of that dog, field performance records, and evidence concerning the experience and training of the officer handling the dog, as well as any other objective evidence known to the officer about the dog’s reliability in being able to detect the presence of illegal substances within the vehicle.
 

 Id.
 
 at 759.
 

 We have concluded that the evidence presented by the State at the hearing on the motion to suppress in Mr. Joe’s case satisfied the requirements of
 
 Harris.
 
 The supreme court pointed out in that case that the drug dog’s “records were neither produced prior to hearing nor introduced at the hearing.”
 
 Id.
 
 at 761. The records are important in the view of the supreme court so that the trial court can make an “objective evaluation” of the reliability of the dog based on the totality of the circumstances.
 
 Id.
 
 at 767.
 

 In the present case the dog’s handler gave extensive testimony about his and the dog’s training, testing and certification. In addition, he testified regarding the dog’s history and search record, including ample information concerning both accurate alerts and false alerts. While the training and field records were not specifically introduced into evidence, they had been provided to the defense, and defense counsel used them frequently to cross examine the handler.
 
 [1]
 
 In fact defense counsel actually refreshed the memory of the dog handler by presenting him with copies of the officer’s own records of the dog’s performance.
 

 While it is made clear by
 
 Harris
 
 that the better practice would be to admit the records into evidence, we think any such failure to do so here was, at worst, harmless error. The records were made available by the State, the defense was provided with them, and both sides used them during the presentation of evidence at the hearing on the motion to suppress. The issue of the dog’s reliability was fully explored and the trial court had ample information upon which to determine that probable cause was established.
 

 Thus, we conclude that based on the totality of the circumstances, the minimum requirements of
 
 Harris
 
 were met and the trial court properly denied the motion to suppress. Accordingly, we once again affirm Mr. Joe’s judgment and sentence.
 

 AFFIRMED.
 

 GRIFFIN and TORPY, JJ., concur.
 

 [1]
 

 . Oddly enough, it appears from the transcript of the hearing that while the defense had the records prior to the hearing, the prosecutor had apparently not earlier seen them.