PER CURIAM.
This case comes before this Court on remand from the decision of the United States Supreme Court in Florida v. Harris, — U.S. -, 133 S.Ct. 1050, 185 L.Ed.2d 61 (2013). In our previous decision, we quashed the First District Court of Appeal’s decision in Harris v. State, 989 So.2d 1214 (Fla. 1st DCA 2008), and held that “the fact that a drug-detection dog has been trained and certified to detect narcotics, standing alone, is not sufficient to demonstrate the reliability of the dog.” Harris v. State, 71 So.3d 756, 775 (Fla.2011). We concluded that “[b]ecause in this case the totality of the circumstances does not support a probable cause determination, the trial court should have granted the motion to suppress.” Id.
The United States Supreme Court reversed our decision, holding that
evidence of a dog’s satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert. If a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog’s alert provides probable cause to search. The same is true, even in the absence of formal certification, if the dog has recently and successfully completed a training program that evaluated his proficiency in locating drugs.
Harris, 133 S.Ct. at 1057. The United States Supreme Court concluded that “[bjecause training records established Aldo’s reliability in detecting drugs and Harris failed to undermine that showing, ... [the police officer] had probable cause to search Harris’s truck.” Id. at 1059.
Following the United States Supreme Court’s decision, on July 25, 2013, we ordered the parties to show cause why the opinion of the First District Court of Appeal should not be affirmed. After carefully considering the responses, we withdraw our prior opinion and now approve the decision of the First District. In addition, in light of the United States Supreme Court’s decision, we approve State v. Coleman, 911 So.2d 259 (Fla. 5th DCA 2005), and State v. Laveroni, 910 So.2d 333 (Fla. 4th DCA 2005), and we disapprove Gibson v. State, 968 So.2d 631 (Fla. 2d DCA 2007), and Matheson v. State, 870 So.2d 8 (Fla. 2d DCA 2003), to the extent that these decisions are inconsistent with Hams. We remand this case to the First District for further proceedings consistent herewith.
It is so ordered.
PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ„ concur.
POLSTON, C.J., recused.