PALMER, J.
Taurean Wilkerson (defendant) appeals the final orders entered by the trial court denying his claims for post-conviction relief, filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We affirm in part and reverse in part.[1]
The State properly concedes that the trial court erred in summarily denying grounds one and three of the defendant’s motions, which alleged ineffective assistance of counsel for failing to advise him of potential double jeopardy issues. The trial court summarily denied these claims, concluding that the defendant waived any double jeopardy violations by entering into a negotiated plea agreement on those charges.
The trial court was correct in recognizing that Florida case law provides that a negotiated plea agreement can serve as a basis for waiver of a double jeopardy claim. However, such case law applies to *190 double jeopardy claims raised on direct appeal, not collateral appeal. See Novaton v. State, 634 So.2d 607 (Fla.1994); Melvin v. State, 645 So.2d 448 (Fla.1994); Farrar v. State, 42 So.3d 265 (Fla. 5th DCA 2010). For double jeopardy claims raised in a collateral rule 3.850 matter, the fact that the defendant entered into a negotiated plea agreement does not preclude him from seeking review of an ineffective assistance of counsel claim which is based on the contention that defense counsel failed to advise him, before he entered his plea, that there were potential double jeopardy issues. See Pearson v. State, 867 So.2d 517, 519 (Fla. 1st DCA 2004); Weitz v. State, 795 So.2d 1021, 1022 (Fla. 2d DCA 2001); Hubbard v. State, 662 So.2d 746 (Fla. 1st DCA 1995).
Accordingly, the trial court’s summary denial of grounds one and three is reversed, and this matter is remanded for the trial court to either support its summary denial with record excerpts conclusively establishing that the defendant is not entitled to receive any relief or to conduct an evidentiary hearing on the claims.
AFFIRMED in part; REVERSED in part; REMANDED.
EVANDER and BERGER, JJ., concur.

. The defendant’s claims for relief not discussed in this opinion are without merit.