PER CURIAM.
Tecoy Marquis Campbell appeals the order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand with directions.
Campbell entered an open plea of no contest to sale of a controlled substance and to possession of a controlled substance, and the trial court sentenced him as a habitual felony offender (HFO) to fifteen years’ imprisonment for the sale count to be served concurrently with five years’ imprisonment for the possession count. After this court affirmed his convictions and sentences, Campbell filed the posteonviction motion at issue in this appeal.
In order to establish a claim of ineffective assistance of counsel during the plea process, a postconviction movant must show that counsel’s performance was deficient and that there is a reasonable probability that, but for counsel’s errors, the movant would not have entered a plea but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
In ground one of his rule 3.850 motion, Campbell argued that his plea was involuntary because the trial court never informed him that it constituted a waiver of his right to remain silent, to have compulsory process for obtaining witnesses on his behalf, to confront his accusers, and to appeal all matters relating to the judgment, including the issue of guilt or innocence. See Fla. R. Crim. P. 3.172(c)(3), (4). Campbell noted that the trial court provided him with a waiver of rights form and asked him if he understood the rights he was waiving but that it never determined whether the form had been read and explained to him or if he had the requisite education level or mental capacity to understand the form. See Townsend v. State, 927 So.2d 1064, 1066 (Fla. 4th DCA 2006) (“ ‘[A] judge using a preprinted rights form as a part of a plea colloquy must orally verify that the defendant has intelligently consumed the written information contained within it.’ ” (citation omitted) (quoting Thornton v. State, 747 So.2d 439, 441 (Fla. 4th DCA 1999))).
The postconviction court failed to address this claim. However, because Campbell did not allege how the trial court’s failures prejudiced him, see Fla. R. Crim. P. 3.172(j) (providing that failure to follow any of the procedures of rule 3.172 does not render a plea void absent a showing of prejudice), we reverse and remand for the postconviction court to strike this claim and provide Campbell sixty days to amend it to state a facially sufficient claim for relief, if he can do so in good faith. See Fla. R. Crim. P. 3.850(f)(2); see also Spera v. State, 971 So.2d 754, 761 (Fla. 2007).
In ground two of his motion, Campbell argued that trial counsel was ineffective for failing to apprise him that he had a right to confront witnesses against him and a right to review of the judgment but that he was giving up those rights by entering a plea. Campbell asserted that he would not have waived these rights if he had been advised of them and afforded an opportunity to depose the witnesses against him. He argued that trial counsel’s failure rendered his plea involuntary.
In denying this claim, the postcon-viction court found that the acknowledgment and waiver of rights form it attached to its order showed that Campbell understood that by entering a plea, he was waiving his right to a trial, including the *494 right to confront and cross-examine witnesses. But a waiver of rights form can only refute a defendant’s claim of involuntary plea if the trial court conducted a proper plea colloquy and determined that the defendant understood the form. See Townsend, 927 So.2d at 1066 (rejecting the State’s argument that the signed acknowl-edgement of plea and waiver of rights form showed that the defendant had notice of the terms of the plea agreement because the trial court failed to determine if the defendant could read and understand the form or if the form had been explained to him). In this case, the transci'ipt of the plea hearing the postconviction court attached to its order shows that the trial court failed to make many of the inquiries required by rule 3.172(c). See Koenig v. State, 597 So.2d 256, 258 (Fla.1992) (noting that “[bjecause a guilty, or no contest, plea has serious consequences for the accused, the taking of a plea ‘demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence’ ” (quoting Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969))). Nevertheless, this claim is facially insufficient because Campbell did not allege that he was prejudiced by counsel’s failure to advise him of all of the rights he was waiving. See Cousino v. State, 770 So.2d 1258, 1260 (Fla. 4th DCA 2000) (noting that to establish prejudice from counsel’s ineffectiveness during the plea process, a postconviction movant must allege that there is a reasonable probability that but for counsel’s ineffectiveness, he would have insisted on going to trial). Accordingly, we reverse and remand for the postconviction court to strike this claim and provide Campbell sixty days to amend it to state a facially sufficient claim for relief, if he can do so in good faith. See Fla. R. Crim. P. 3.850(f)(2); see also Spera, 971 So.2d at 761.
In ground three of his motion, Campbell argued that his plea was involuntary because the trial court failed to disclose how long the maximum sentence would be and to advise him that he could receive any sentence up to the maximum allowed by law. See Fla. R. Crim. P. 3.172(c)(1) (providing that the trial court must determine that the defendant understands “the nature of the charge to which the plea is offered, the maximum possible penalty, and any mandatory minimum penalty provided by law”). Campbell asserted that if he had been properly apprised of the maximum penalty, he would not have entered a plea but would have insisted on going to trial. This claim is facially sufficient.
In denying this claim, the postconviction court found that the acknowledgment and waiver of rights form reflects that Campbell understood that he could face a maximum sentence of fifteen years plus five years and that he was entering an open plea. Again, the postconviction court could not rely on the waiver of rights form because the trial court failed to conduct a proper plea colloquy and determine whether Campbell understood the form. See Townsend, 927 So.2d at 1066. Because this claim is not conclusively refuted by the attachments to the postconviction court’s order, we reverse and remand for the court to attach portions of the record that conclusively refute this claim or to hold an evidentiary hearing.
In ground four of his motion, Campbell argued that his plea was involuntary because the trial court failed to inform him of the maximum possible habitual offender penalty and to discern whether he understood that the HFO designation could cause him to be ineligible for certain programs affecting early release. See *495 Ashley v. State, 614 So.2d 486, 490 n. 8 (Fla.1993) (holding that a trial court should confirm that a defendant is personally aware of his eligibility for habitualization, the maximum habitual offender term, and the fact that habitualization may affect the possibility of early release); Marckman v. State, 997 So.2d 1275, 1276 (Fla. 2d DCA 2009) (“It is well-settled that a trial court must confirm that the defendant understands the consequences of an HFO sentence.”). Campbell noted that the judgment and sentence fail to reflect the trial court’s oral pronouncement that he was sentenced as a HFO. He asserted that the only option under these circumstances is to allow him to withdraw his plea.
In denying this claim, the postconviction court found that the plea hearing transcript showed that the trial court informed Campbell that he qualified as a HFO, the State specified the resulting enhancement, Campbell did not object, and defense counsel stated that he had no objection to the introduction of evidence of Campbell’s pri- or convictions, agreeing that they were accurate. While the court’s finding fails to address Campbell’s allegation that he was not advised of the consequences of habitu-alization, Campbell failed to allege how he was prejudiced by this failure. Accordingly, we reverse and remand for the postcon-viction court to strike this claim and provide Campbell sixty days to amend it to state a facially sufficient claim for relief, if he can do so in good faith. See Fla. R. Crim. P. 3.850(f)(2); see also Spera, 971 So.2d at 761.
The postconviction court also failed to address Campbell’s assertion that the written judgment fails to reflect the trial court’s oral pronouncement that it sentenced him as a HFO. On remand, the postconviction court shall address this claim and correct the judgment if necessary. See Nelson v. State, 1 So.3d 345, 345 (Fla. 1st DCA 2009) (“A written sentence must comport with the sentence that was orally pronounced, and when the two are inconsistent, the oral pronouncement controls.”); see also Rivera v. State, 117 So.3d 449, 449 (Fla. 2d DCA 2013) (“Because the written sentences do not comport with the trial court’s oral pronouncement, we must remand for correction of the written sentences to reflect the oral pronouncement.”).
In ground five of his motion, Campbell argued that trial counsel was ineffective for advising him to enter an open plea and reject the State’s first offer of five to seven years’ imprisonment in exchange for not disclosing the identity of the confidential informant (Cl). He asserted that counsel misled him and his mother to believe that he faced a maximum of five years if he pleaded open and that his mother was available and willing to testify to this. Campbell alleged that if counsel had informed him that he faced a statutory maximum of thirty years, he would have accepted the State’s first offer. Campbell argued that there was a reasonable probability that the State and the trial court would not have withdrawn the offer because it was made in order to protect the identity of the CI. See Missouri v. Frye, — U.S. -, -, 132 S.Ct. 1399, 1409, 182 L.Ed.2d 379 (2012) (holding that in order to show prejudice from the rejection of a plea offer because of counsel’s deficient performance, movants must demonstrate a reasonable probability that they would have accepted the earlier offer and that it would not have been canceled by the prosecutor or rejected by the trial court); see also Alcorn v. State, 121 So.3d 419, 429-30 (Fla.2013).
Campbell stated that after he rejected the State’s first offer, the State filed a notice of intent to seek habitualization and then made a second offer of a ten-year cap. *496 Campbell argued that counsel was ineffective for failing to inform him, when conveying the second offer, of the possibility of habitualization[1] and that the maximum possible HFO sentence was thirty years’ imprisonment, plus a five-year statutory maximum. Campbell asserted that if counsel had advised him that he faced a thirty-five-year HFO sentence, he would have accepted the State’s second offer. Under the mistaken impression that the trial court approved the State’s offer before it was made, Campbell maintained that there was a strong probability that the State would not have withdrawn the offer. See Alcorn, 121 So.3d at 429-30.
In denying this claim, the postconviction court quoted counsel’s statement at the plea hearing that “Mr. Campbell has requested of the State two other plea offers to which they have been denied by the Court.” The entire context of this statement is as follows:
[Defense counsel]: We’re here for sentencing ... for Mr. Campbell ... and we have no negotiated plea with the State Attorney’s Office.
It’s an open plea to the Court based upon the computations provided by the State Attorney’s Office. The bottom of the guidelines for Mr. Campbell is 18.45 months. I know that the State Attorney’s Office is asking for a significantly higher sentence in that case, but we would proffer to the Court that this is really nothing more than a run-of-the-mill sale of cocaine case where Mr. Campbell is alleged to have sold to an informant. There is nothing more, nothing aggravating other than that, that he sold this cocaine.
I know Mr. Campbell has requested of the State two other plea offers to which they have been denied by the Court, so with the Court’s indulgence I would like to ask the Court to be involved in the plea and provide this to the Court.
In his brief filed in this appeal, Campbell asserts that counsel was referring to offers advanced by him off the record prior to the proceedings, whereas Campbell referred in his motion to offers advanced by the State and rejected by him several months earlier. Because we cannot discern from the plea hearing transcript whether there may have been earlier offers from the State that counsel failed to convey to Campbell, we cannot determine whether the statement quoted by the post-conviction court conclusively refutes Campbell’s claim. In addition, the post-conviction court failed to address Campbell’s claim that counsel advised him that he faced a maximum of five years’ imprisonment if he pleaded open. Accordingly, we reverse this claim and remand with directions that the postconviction court address it in its entirety and attach portions of the record that conclusively refute it or conduct an evidentiary hearing.
In ground six of his motion, Campbell argued that trial counsel was ineffective for failing to file a motion to suppress the items found in his vehicle — $8000 in cash and a “Boost” cell phone — because it was illegally searched. He stated that his vehicle was stopped three weeks after an arrest warrant was executed for his participation in a controlled buy. After he was taken to jail, a K-9 unit was brought to the vehicle and the dog alerted, leading law enforcement to determine they had probable cause to search. The cash was *497 checked for funds used by the special operations unit and six bills were located. An officer dialed the number used to set up the controlled purchase and the seized cell phone rang.
Campbell argued that the search of his vehicle was illegal because he did not consent to it and there was no probable cause to support it. He noted that at the time of the search, he was in custody and en route to jail and therefore not within reach of the passenger compartment. See Arizona v. Gant, 556 U.S. 332, 351, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) (holding that “[police may search a vehicle incident to a recent occupant’s arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest”). Campbell then asserted that while the K-9 officer found that there was probable cause to search his vehicle, the dog’s alert was false as no drugs or paraphernalia were found. He cited this court’s holding in Gibson v. State, 968 So.2d 631, 631 (Fla. 2d DCA 2007) (citing Matheson v. State, 870 So.2d 8, 14 (Fla. 2d DCA 2003)), that “[t]o demonstrate that an alert by a narcotics detection dog is sufficiently reliable to furnish probable cause to search, the State must introduce evidence of the dog’s ‘track record’ or performance history.” Campbell also cited the supreme court’s approval of Gibson in Harris v. State, 71 So.3d 756 (Fla.2011), referring to the court’s statement that “[fjalse alerts may lead to the search of a person who is innocent of any wrongdoing.” Id. at 768 (citing Richard E. Myers II, Detector Dogs and Probable Cause, 14 Geo. Mason L. Rev. 1, 12).[2] Campbell argued that in light of these decisions, counsel was ineffective for failing to file a motion to suppress.
In denying this claim, the postconviction court found that by entering an open plea, Campbell acknowledged that he was giving up the right to contest his guilt or innocence and all of his rights relating to the judgment. The court further found that Campbell was required to move to withdraw his plea and that this claim did not state a permissible ground for a postsen-tencing motion to withdraw plea. In addition, the court found that to the extent this claim alleged ineffective assistance of counsel, it attacked the sufficiency of the evidence and was therefore inappropriate for a rule 3.850 motion.
The postconviction court’s findings are incorrect. “An allegation that trial counsel provided ineffective assistance by failing to file a motion to suppress is a legally sufficient claim, which is not waived by entry of a plea.” Spencer v. State, 889 So.2d 868, 870 (Fla. 2d DCA 2004). However, a movant must still allege prejudice, i.e., that there is a reasonable probability that, but for counsel’s errors, he would have insisted on going to trial. See Nelson v. State, 996 So.2d 950, 952 (Fla. 2d DCA 2008).
While Campbell failed to allege that he was prejudiced by counsel’s failure to file a motion to suppress, he cannot show that counsel’s performance was deficient. The K-9 dog’s alert to his vehicle provided probable cause for its search. The fact that no narcotics or paraphernalia were recovered did not make the alert false or unreliable:
*498 A detection dog recognizes an odor, not a drug, and should alert whenever the scent is present, even if the substance is gone .... [A] well-trained dog’s alert establishes a fair probability — all that is required for probable cause — that either drugs or evidence of a drug crime ... will be found.
Florida v. Harris, — U.S. —, 133 S.Ct. 1050, 1056 n. 2, 185 L.Ed.2d 61 (2013). Because the fact that no narcotics or paraphernalia were found in Campbell’s vehicle did not present a basis to challenge the reliability of the K-9 dog’s search through a motion to suppress, counsel was not ineffective for failing to file such a motion.
Accordingly, we affirm the denial of ground six but reverse the denial of the remaining grounds and remand with the directions set forth in this opinion. If the postconviction court again summarily denies any grounds, it must attach the portions of the record that conclusively refute those grounds. Otherwise, an evidentiary hearing is necessary.
Affirmed in part; reversed in part; remanded with directions.
ALTENBERND, MORRIS, and SLEET, JJ., Concur.

. Campbell asserted that while counsel informed him of the State's notice of intent to seek habitualization as they entered the courtroom for the plea hearing, because counsel said that he did not qualify and there was nothing to worry about, counsel failed to advise him of the possibility of habitualization.

. Two months before Campbell filed his motion, the United States Supreme Court disapproved Harris in Florida v. Harris, - U.S. -, 133 S.Ct. 1050, 1058, 185 L.Ed.2d 61 (2013), holding that "[t]he question — similar to every inquiry into probable cause — is whether all the facts surrounding a dog’s alert, viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime.”