DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROHAN McDONALD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1496

[September 9, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael I. Rothschild, Judge; L.T. Case No. 07-18129-CF10A.

Rohan McDonald, Blountstown, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Rohan McDonald appeals the summary denial of his rule 3.850 motion. Because the attachment to the order of denial does not conclusively refute his facially sufficient claim, we reverse.

McDonald entered a negotiated plea to five counts, three of which charged him with sexual battery on a victim over twelve years of age. Pursuant to the plea agreement, he was sentenced to ten years for count I, followed by concurrent terms of fifteen years of sex offender probation for each of counts II and III, and to time served for the other two counts.

McDonald filed a rule 3.850 motion arguing his plea was involuntary. He claimed his trial counsel misadvised him that the offense of sexual battery on a victim over twelve was a life felony for which he was facing a possible sentence of life in prison; the offense was a second degree felony. Had he known he could not receive a life sentence for the sexual battery offenses, he alleged, he would not have pleaded but would have insisted on proceeding to trial. He asked to vacate his plea.

The postconviction court summarily denied the motion, attaching only a copy of a plea form containing McDonald's initials and signature. The form clearly shows the maximum penalty for each charge of sexual battery was fifteen years.

The state properly agrees this case must be remanded because the postconviction court could not rely on the plea form alone, which did not establish that the trial court conducted a proper plea colloquy and determined that McDonald understood the form. *Campbell v. State,* 139 So. 3d 490, 494 (Fla. 2d DCA 2014); *see also Townsend v. State,* 927 So. 2d 1064, 1066 (Fla. 4th DCA 2006).

If the postconviction court denies the motion again on remand, it must attach portions of the record that refute this ground or conduct an evidentiary hearing.

*Reversed and Remanded for further proceedings.*

MAY, DAMOORGIAN and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**