**Mary SMITH, Appellant,**

v.

**STATE of Florida, Appellee.**

**Case No. 5D16–3156**

District Court of Appeal of Florida,
Fifth District.

Opinion filed December 30, 2016

Mary Smith, Quincy, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kaylee D. Tatman, Assistant Attorney General, Daytona Beach, for Appellee.

PER CURIAM.

Mary Smith appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We conclude that her claims that: (1) she was coerced to enter a plea by her counsel's statement that she would receive the maximum sentence if she proceeded to trial; and (2) counsel was ineffective in failing to advise her that double jeopardy would preclude her from being convicted of both trafficking in methamphetamines and manufacturing methamphetamines were not conclusively refuted by her written plea agreement. See McDonald v. State, 174 So.3d 1068 (Fla. 4th DCA 2015) (holding that postconviction court could not rely on plea form alone; attachment did not establish that trial court conducted proper plea colloquy and determined that appellant understood plea form); Wilkerson v. State, 128 So.3d 189, 190 (Fla. 5th DCA 2013) (holding that although defendant entered into negotiated plea agreement, he was not precluded from seeking review of claim that counsel was ineffective in failing to advise him of potential double jeopardy defense prior to entering plea).

Accordingly, as to these two claims,[1] we reverse and remand for the trial court to

1. We affirm the summary denial of Smith's     claim that the State would not have been able

either hold an evidentiary hearing, or to attach additional documents that conclusively refute Smith's claims.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

LAWSON, C.J., and EVANDER and COHEN, JJ., concur.

to present sufficient evidence to support a conviction.