IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EVAN SHORT,

       Appellant,

v.                                      Case No.  5D17-2996

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed December 29, 2017

3.850 Appeal from the Circuit Court
for Lake County,
Don F. Briggs, Judge.

Evan Short, Sneads, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

     Appellant, Evan Short, appeals the summary denial of his motion for postconviction

relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  In his motion, Short

alleged that his trial counsel was ineffective because 1) counsel failed to request a

Richardson[1] hearing and 2) counsel failed to properly advise Short of the possibility and

_____

    [1] Richardson v. State, 246 So. 2d 771 (Fla. 1971).

consequences of being sentenced as a habitual felony offender. We affirm as to the first claim without further discussion. Regarding the second claim, the trial court held that the allegations were facially insufficient because Short failed to allege each element provided in Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013). Although the trial court was correct in concluding that the claim was facially insufficient, Short should have been provided sixty days to amend his motion to state a facially sufficient claim, if he can do so in good faith. See Fla. R. Crim. P. 3.850(f)(3); see, e.g., Campbell v. State, 139 So. 3d 490, 495 (Fla. 2d DCA 2014). We therefore reverse the summary denial of the second claim and remand for further proceedings.

AFFIRMED in part; REVERSED in part; REMANDED.

SAWAYA, PALMER, and EVANDER, JJ., concur.