NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JULIO S. CENDEJAS,                                     )
                                                      )
                    Appellant,                         )
                                                      )
v.                                                    )        Case No. 2D17-3957
                                                      )
STATE OF FLORIDA,                                     )
                                                      )
                    Appellee.                          )
_____)

Opinion filed July 13, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; Neil A. Roddenbery, Judge.

Julio S. Cendejas, pro se.

KHOUZAM, Judge.

Julio Cendejas challenges the order summarily denying his postconviction

motion filed pursuant to Florida Rule of Criminal Procedure 3.850.  We reverse the

denials of claims two, three, and four and remand for further proceedings.  We affirm

the denial of claim one without comment.

Mr. Cendejas was charged with ten counts of trafficking in various

narcotics; possession of a structure used for trafficking, sale, or manufacture of a

controlled substance; possession of drug paraphernalia; armed trafficking in

amphetamine; and possession of a firearm by a convicted felon.  He entered a

negotiated guilty plea to counts two, three, five, six, eight, and nine, and the State entered a nolle prosequi on counts one, four, seven, and ten. On counts two, five, and eight, Mr. Cendejas was sentenced to concurrent fifteen-year prison terms, to be followed by five years' probation on each count. He also received mandatory minimum terms of ten years and three years on count eight pursuant to sections 775.087(2) and 893.135(1), Florida Statutes (2015). He was sentenced to time served on counts three, six, and nine. Mr. Cendejas filed a motion for postconviction relief, in which he raised three claims of ineffective assistance of trial counsel and one claim of cumulative error.

We review the order summarily denying Mr. Cendejas' motion de novo. Sanchez v. State, 210 So. 3d 252, 254 (Fla. 2d DCA 2017). We review a postconviction court's summary denial of postconviction claims "to determine whether the claims are legally sufficient and whether they are conclusively refuted by the record." Watson v. State, 34 So. 3d 806, 808 (Fla. 2d DCA 2010) (quoting Griggs v. State, 995 So. 2d 994, 995 (Fla. 1st DCA 2008)). "When a postconviction court summarily denies a defendant's motion without an evidentiary hearing, an appellate court 'must accept a defendant's factual allegations as true to the extent they are not refuted by the record.' " Balmori v. State, 985 So. 2d 646, 649 (Fla. 2d DCA 2008) (quoting Floyd v. State, 808 So. 2d 175, 182 (Fla. 2002)).

To plead a claim of ineffective assistance of counsel, Mr. Cendejas was required to allege facts that show that counsel's performance was deficient and that counsel's deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong in the context of a guilty plea, Mr.

Cendejas had to allege that but for counsel's ineffectiveness there was a reasonable probability that he would have insisted on going to trial. See Campbell v. State, 139 So. 3d 490, 494 (Fla. 2d DCA 2014) (citing Cousino v. State, 770 So. 2d 1258, 1260 (Fla. 4th DCA 2000)).

In claim two, Mr. Cendejas argued that his plea was involuntary "due to counsel's patently deficient failure to properly inform him in advance that the agreed upon plea offer ha[d] been enhanced to a much harsher sentence." More specifically, he alleged that while he and trial counsel had discussed his entering a guilty plea and receiving fifteen-year sentences for counts two, five, and eight, he was not advised of the probationary terms or mandatory minimum sentences. He claimed that had he known he would receive mandatory minimum and probationary terms, he would not have entered the plea.

Counsel's misadvice regarding the length of a sentence may constitute a basis for postconviction relief. State v. Leroux, 689 So. 2d 235, 236 (Fla. 1996); Cherry v. State, 837 So. 2d 597, 598 (Fla. 2d DCA 2003) ("A defendant may seek to withdraw his plea on the ground that it was involuntary due to reliance on counsel's misadvice or misrepresentation regarding the length of a sentence or the amount of time the defendant would serve."); Townsend v. State, 927 So. 2d 1064, 1065 (Fla. 4th DCA 2006) ("A mandatory minimum sentence is a direct consequence of a defendant's plea, and the failure to advise a defendant of this consequence renders a plea involuntary." (quoting Thornton v. State, 747 So. 2d 439, 441 (Fla. 4th DCA 1999))). Because Mr. Cendejas filed a facially sufficient claim, the only issue before us is whether the claim

- 3 -

was conclusively refuted by the record.

Here, the postconviction court relied only on the signed plea form to summarily deny Mr. Cendejas' claim, finding that the mandatory minimum and probationary terms were "clearly contained within the written plea agreement, signed by" Mr. Cendejas. This court has held, however, that "the existence of a signed, written plea agreement, by itself, is insufficient to refute a defendant's claim" that his plea was entered involuntarily. Rivera v. State, 746 So. 2d 542, 542 (Fla. 2d DCA 1999) (citing McCallum v. State, 591 So. 2d 318, 319 (Fla. 4th DCA 1991)); see also Cox v. State, 974 So. 2d 474, 475 (Fla. 2d DCA 2008) (reversing and remanding summary denial of postconviction claim that plea was involuntary because "a signed, written plea agreement, standing alone, is insufficient to refute a defendant's claim that he misunderstood the terms of the plea agreement or that no other promises were made to induce the plea").

"[A] waiver of rights form can only refute a defendant's claim of involuntary plea if the trial court conducted a proper plea colloquy and determined that the defendant understood the form." Campbell, 139 So. 3d at 494 (holding that the waiver of rights form signed by the defendant was insufficient to conclusively refute his claims that his plea was involuntary because the transcript of plea hearing reflected that the trial court failed to conduct proper inquiry); see also Townsend, 927 So. 2d at 1066 (rejecting the State's argument that the appellant's claim was conclusively refuted by the signed, written plea form containing the three-year mandatory minimum sentence because the record reflected that the "trial court made no effort to determine if the

- 4 -

defendant could read the form, had the requisite level of education or mental capacity to understand the form, or whether the form had been read or explained to him"). Without a transcript of the plea colloquy, we cannot know whether the plea was voluntarily entered. Thus, because the postconviction court attached only the signed plea agreement, claim two is not conclusively refuted by the record. Accordingly, we reverse the denial of claim two and remand for the postconviction court to either attach portions of the record that conclusively refute the claim or to conduct an evidentiary hearing.

Mr. Cendejas argued in claim three that trial counsel was ineffective for failing to object to the imposition of the ten-year mandatory minimum sentence imposed on count eight for his possession of a firearm, see § 775.087(2)(a)(1)(q), and for failing to reserve his right to appeal issues that he would be entitled to raise in the appellate court. He further claimed that he entered into plea negotiations "with the reasonable belief that his right to appeal any and all dispositive issues was to be preserved."

In denying the claim, the postconviction court again relied solely on the plea agreement, specifically pointing to the provision that stated Mr. Cendejas understood that by entering a plea without reserving the right to appeal, he was waiving his right to appeal all matters. The court further found that to the extent Mr. Cendejas was arguing that trial counsel should have challenged the factual basis for the charges to which he pleaded, Mr. Cendejas could not "accept the benefit of the plea wherein the State nolle prossed certain counts in exchange for the Defendant's plea to other counts, to then attempt to challenge the factual matters for which he stipulated by entering into the plea in the first place."

Mr. Cendejas' claim of ineffectiveness is essentially another claim that his plea was involuntary due to trial counsel's deficient performance. See, e.g., Larson v. State, 43 Fla. L. Weekly D865 (Fla. 2d DCA Apr. 20, 2018) ("[A]lthough the claim may be couched in terms of ineffective assistance of counsel, the issue is truly whether the plea was entered involuntarily."). Although we conclude that, for the same reasons discussed in claim two, claim three is not conclusively refuted by the record, the claim is facially insufficient because Mr. Cendejas has not alleged that but for trial counsel's deficient performance he would have insisted on going to trial. See Campbell, 139 So. 3d at 494. Because his claim is facially insufficient and not conclusively refuted by the record, we reverse and remand so that the postconviction court may strike the claim and provide Mr. Cendejas sixty days to amend it. See Fla. R. Crim. P. 3.850(f).

In claim four, Mr. Cendejas alleged a claim of cumulative error. Because we must reverse claims two and three, we also reverse the postconviction court's denial of this claim so that it may reconsider the claim after it has reconsidered claims two and three. See Flint v. State, 84 So. 3d 469, 471 (Fla. 2d DCA 2012).

Affirmed in part, reversed in part, and remanded with instructions.

CASANUEVA and MORRIS, JJ., Concur.