UNITED STATES of America, Plaintiff–
Appellant, Cross–Appellee,

v.

Charles L. SMITH, Jr., Defendant–
Appellee, Cross–Appellant.

No. 92–6585
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 8, 1994.

J.B. Sessions, U.S. Atty., Maria F. Stieber, Maria E. Fernandez, Mobile, AL, for appellant.

T. Jefferson Deen, III, Mobile, AL, Charles L. Smith, Jr., Talladega, AL, for appellee.

Before KRAVITCH, DUBINA and BARKETT, Circuit Judges.

KRAVITCH, Circuit Judge:

Two issues are presented in this appeal: (1) whether the district court erred in denying Smith's motion to suppress; and (2) whether the district court improperly effected a downward departure from the statutory mandatory minimum sentence. For the reasons discussed below, we AFFIRM the district court's denial of Smith's motion to suppress, but VACATE the sentence imposed upon Smith and REMAND for a new sentencing hearing consistent with this opinion.

## I. *Facts*

Smith was convicted of various offenses arising out of the attempted sale of LSD. United States Postal Inspector Paul Feltman had obtained information that Smith was receiving LSD through the mail. Upon investigation, Feltman learned from a mail carrier that Smith had inquired about mail going to another person's address. Feltman subsequently intercepted an envelope addressed to Raquel Kirkconnell, which bore a crossed-out address to Smith. Feltman, accompanied by Officer Steve Griffis of the Fairhope Police Department, approached Kirkconnell with the letter. Feltman advised Kirkconnell that he and Griffis knew what the envelope contained, and that they thought she was being used to receive drugs in the mail. Kirkconnell told Feltman that the letter belonged to Smith, but she gave Feltman permission to open the letter in her presence (she had started to open the letter at Feltman's request but was mangling it). The envelope contained LSD impregnated on a blotter paper medium. Feltman had Kirkconnell tape the letter to Smith's door, a search warrant was obtained and Smith's residence was searched.

Prior to trial, Smith filed a motion to suppress the evidence seized from the envelope. At the suppression hearing, Kirkconnell testified that she had agreed to give the letter to Smith when it arrived. Smith testified that he was expecting $200 in cash in the mail from the sender, David Rencher, and that he had arranged for the letter to be sent to Kirkconnell, but that she did not have permission to open the letter. On cross-examination, Smith equivocally testified regarding his ownership interest in the letter. The district court denied Smith's motion to suppress. Smith was convicted following a jury trial, and the district court imposed a sentence of 78 months imprisonment. The government appeals Smith's sentence; Smith cross-appeals the district court's denial of his motion to suppress.

## II. *Denial of the Motion to Suppress*

■ The district court found that Smith did not have a legitimate expectation of privacy in the envelope and thus had no standing to object to the search. Smith argues that Kirkconnell's authority was limited to giving him the envelope and that he retained a reasonable expectation of privacy in the envelope. We review the district court's factual findings on a motion to suppress for clear error, while the application of the law to the facts is reviewed *de novo*. *United States v. Diaz–Lizaraza,* 981 F.2d 1216, 1220 (11th Cir.1993).

■ It is beyond dispute that mail is subject to Fourth Amendment protection. *See United States v. Jacobsen,* 466 U.S. 109, 114, 104 S.Ct. 1652, 1657, 80 L.Ed.2d 85 (1984) (public has legitimate expectation of privacy in letters and sealed packages; warrantless searches of same are presumptively unreasonable). The Supreme Court has enunciated a two-part test to determine whether an individual has a legitimate expectation of privacy in the object of a search: (1) the individual must manifest a subjective expectation of privacy in the object of the challenged search, and (2) society must be willing to recognize that expectation as legitimate. *California v. Ciraolo,* 476 U.S. 207, 211, 106 S.Ct. 1809, 1811, 90 L.Ed.2d 210 (1986); *see also United States v. McKennon,* 814 F.2d 1539, 1542–43 (11th Cir.1987).

■ Smith contends that he manifested an ownership interest in the envelope, that Kirkconnell's authority was limited to delivering the envelope to him, and that he never relinquished his privacy interest in the missive. The government claims that a person

who is neither the sender nor addressee of the letter has no legitimate expectation of privacy in that letter. *See, e.g., United States v. Givens,* 733 F.2d 339, 341–42 (4th Cir.1984) (no reasonable expectation of privacy in package addressed to another); *United States v. Pierce,* 959 F.2d 1297, 1303 (5th Cir.) (no privacy interest in package sent to another where defendant disassociated himself from the package), *cert. denied,* — U.S. ——, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992); *United States v. Koenig,* 856 F.2d 843, 846 (7th Cir.1988) (defendant who was neither the sender nor addressee had no privacy interest in package where no other source of privacy interest in the package was asserted).

This court has stated that "the mere placement of personal property into a closed container does not ensure that a subjective expectation of privacy will ultimately be judged by society as legitimate." *McKennon,* 814 F.2d at 1544. In keeping with that sentiment, this court has denied the legitimacy of an expectation of privacy in a wide variety of circumstances. *See id.* at 1544 (collecting cases). Upon review of the record, we conclude that, based upon the facts in this case, the district court did not err by finding that Smith did not have a legitimate expectation of privacy in the letter sent to Kirkconnell. Given Smith's equivocal testimony regarding his ownership interest in the letter, and the fact that he was neither the sender nor the addressee of the letter, we hold that his arrangement with Kirkconnell was insufficient to preserve his legitimate expectation of privacy in the letter. Accordingly, we AFFIRM the district court's denial of Smith's motion to suppress.

### III. *Sentencing*

At sentencing, the government introduced evidence regarding the quantity of LSD involved in Smith's offenses. Based upon this evidence, the district court found that Smith was responsible for 14.56 grams of LSD, an amount which mandates a sentencing guideline range of 121–151 months. The district court, however, departed downward pursuant to U.S.S.G. § 5K2.0,[1] stating that the defendant did not have adequate notice that his punishment could be doubled by proof at sentencing that he had sold five additional hits of LSD on sugar cubes. For this reason, Smith was sentenced to 78 months imprisonment. The government appeals this downward departure.

"The application of law to sentencing issues is subject to de novo review." *United States v. Chavarria–Herrara,* 15 F.3d 1033, 1036 (11th Cir.1994). The statute under which Smith was convicted provides for mandatory minimum sentences depending upon the quantity of the mixture or substance containing LSD. If the quantity is 10 grams or more, the minimum sentence is a term of imprisonment of 10 years to life. 21 U.S.C. § 841(b)(1)(A)(v). The Supreme Court has held that the weight of the carrier medium is counted for the purposes of determining the punishment under this section, a result which the Court found to be constitutional. *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991).

The government argues that the district court was without power to depart downward from a statutory minimum punishment. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). The government further claims that Smith had adequate notice that the government would try to prove enough LSD to invoke the 10 year mandatory sentence. Smith contends that the government did not properly present its objections to the district court at sentencing, and therefore has waived them for the purposes of this appeal, pursuant to the holding of *United States v. Jones,* 899 F.2d 1097, 1103 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled on other grounds, United States v.*

---

1. U.S.S.G. § 5K2.0 provides in pertinent part: "[T]he sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" (quoting 18 U.S.C. § 3553(b)).

*Morrill,* 984 F.2d 1136 (11th Cir.1993) (en banc). Smith also argues that those grounds which were preserved are insufficient as a matter of law.

■ After a careful review of the record, we conclude that the government properly preserved these issues for consideration on appeal. At sentencing, the prosecutor stated: "If I can say that we object and believe that the Court does not have a sufficient basis for a downward departure from the guidelines. And in addition we would object that we do not feel that the Court has the authority nor a sufficient basis for a departure or to ignore the mandatory minimum of the statute." Although the government did not articulate its argument before the district court in detail, it adequately raised the crux of its objection to the district court's sentence: that the district court exceeded its authority by imposing a sentence beneath the statutory minimum.

■ We note that there are limited circumstances where a district court may impose a sentence beneath the statutory minimum, *see, e.g., Chavarria–Herrara,* 15 F.3d at 1036–37 (sentence imposed below mandatory minimum, upon government's motion, for substantial assistance rendered by the defendant to the government); however, neither the district court nor Smith advance any authority which empowers the district court to depart downward from a statutory minimum sentence due to lack of notice at sentencing as to the potential severity of the sentence.[2] Accordingly, Smith's sentence should be vacated, and this case remanded for resentencing.[3]

**2.** This opinion merely addresses the power of a sentencing court to depart downward from a statutory mandatory minimum sentence, pursuant to U.S.S.G. § 5K2.0, based upon a lack of notice to the defendant at sentencing. We express no opinion as to whether the drug quantity determination at sentencing is to be governed by the recent amendment to the sentencing guidelines, *see* U.S.S.G. 2D1.1(c) (Nov. 1993); U.S.S.G. § 2D1.1, comment. (backg'd.) (Nov. 1993), or by the rule set down by the Supreme Court in *Chapman. See United States v. Pardue,* 36 F.3d 429 (5th Cir.1994) (mandatory minimum of § 841, calculated according to *Chapman,* overrides retroactive application of the new sentenc-

AFFIRMED in part, VACATED in part, and REMANDED.

ing guideline); *United States v. Dimeo,* 28 F.3d 240 (1st Cir.1994) (same); *but see United States v. Stoneking,* 34 F.3d 651 (8th Cir.1994) (amended sentencing guideline governs drug quantity determination).

**3.** Given the confusion at the initial sentencing hearing about the impact of the drug quantity determination on the sentence, and the district court's concerns about proper notice to Smith, the district court should begin this process *de novo* on remand. As such, the district court should not feel bound by any fact-finding engaged in at the initial sentencing hearing.