SILBERMAN, Judge.
 

 Ira E. Jenkins, Jr., seeks review of the order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Jenkins argues that the postconviction court erred in summarily denying relief on claims two and three and denying claim one after an evi-dentiary hearing. Jenkins also argues that the court erred in denying his motion for postconviction counsel. We affirm the denial of relief on Jenkins’ motion for counsel and claim one of his rule 3.850 motion without further comment. However, we reverse the summary denial of claims two and three because the court erroneously determined that the plea colloquy conclusively refuted those claims.
 

 In February 2006 Jenkins entered guilty pleas to numerous charges in various different cases. The trial court subsequently sentenced Jenkins to twenty-five years in prison on the primary offense of robbery with a gun or deadly weapon. Jenkins filed his rule 3.850 motion in November 2007 raising claim one. In January 2008 Jenkins filed an amended rule 3.850 motion in which he added two claims.
 

 In claim two, Jenkins argued that trial counsel was ineffective for failing to investigate the robbery crime scene to locate eyewitnesses. Jenkins claimed that the robbery occurred at a liquor store where a crowd of regulars hung out but counsel never attempted to ascertain if any of these regulars witnessed the robbery. In claim three, Jenkins argued that counsel was ineffective for failing to investigate and interview Sabrina Hall, a cashier who was working at the liquor store on the day of the robbery and who would have established Jenkins’ defense of misidentification.
 

 The postconviction court summarily denied relief on claims two and three based on its determination that they were conclusively refuted by the transcript of the plea colloquy wherein Jenkins acknowledged he was satisfied with counsel’s representation. On appeal, Jenkins correctly asserts that the plea colloquy does not conclusively establish that he is not entitled to relief on claims two and three. Jenkins’ motion does not state when he learned that counsel failed to investigate the robbery crime scene or witness Hall. Thus, at the time Jenkins entered his plea, he could have been satisfied with counsel’s performance.
 
 See Mondy v. State,
 
 6 So.3d 1251, 1252 (Fla. 2d DCA 2009) (holding that court erred in determining that a postconviction claim was refuted by the defendant’s statement in the plea colloquy that he was satisfied with counsel’s representation because it was not clear the defendant knew
 
 *245
 
 of counsel’s ineffectiveness at the time he entered his plea). Therefore, we reverse and remand for the postconviction court to conduct an evidentiary hearing to resolve these claims.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and BLACK, JJ, Concur.