NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALAN COURSEY,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D14-1085
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____   )

Opinion filed May 8, 2015.

Appeal from the Circuit Court for Polk
County; Michael E. Raiden, Judge.

Alan Coursey, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

          Alan Coursey appeals an order denying his motion for postconviction relief

filed pursuant to Florida Rule of Criminal Procedure 3.850.  In 2010, he pleaded guilty to

four counts of attempted sexual battery on a victim less than twelve years old, four

counts of lewd and lascivious molestation on a victim less than twelve years old, five

counts of sexual battery on a child, and one count of showing obscene material to a

minor. Mr. Coursey was sentenced to forty years in prison with a twenty-five-year minimum mandatory term and lifetime sexual offender probation for three of the molestation offenses, five years in prison for showing obscene material to a minor, and thirty years in prison for the remaining offenses. He did not file a direct appeal of his judgments and sentences.

We conclude that the postconviction court properly denied Mr. Coursey's motion but note that one of his arguments should have been denied without prejudice. In his motion, Mr. Coursey argued that the court erred in summarily denying his claim that his trial counsel was ineffective for failing to move to suppress his confession because the confession he gave to law enforcement was involuntary. The postconviction court denied this claim based on Mr. Coursey's statements at the change of plea hearing. The court noted that Mr. Coursey indicated that he was able to discuss the entire case with his attorney and that he was satisfied with the attorney's performance. Further, at the change of plea hearing the trial court explained the constitutional rights Mr. Coursey was waiving by entering a plea and he indicated that he understood. The postconviction court ruled that the claim was merely an attempt to go behind the plea and raise issues that were knowingly and voluntarily waived by the plea agreement as proscribed by Stano v. State, 520 So. 2d 278 (Fla. 1988), Gidney v. State, 925 So. 2d 1076 (Fla. 4th DCA 2006), and Dean v. State, 580 So. 2d 808 (Fla. 3d DCA 1991).

However, as noted by this court in Campbell v. State, 139 So. 3d 490, 497 (Fla. 2d DCA 2014), "[a]n allegation that trial counsel provided ineffective assistance by failing to file a motion to suppress is a legally sufficient claim, which is not waived by

- 2 -

entry of a plea." (quoting Spencer v. State, 889 So. 2d 868, 870 (Fla. 2d DCA 2004)). Although he stated a legally sufficient claim, Mr. Coursey failed to allege that he suffered prejudice as a result of counsel's conduct, "i.e., that there is a reasonable probability that, but for counsel's errors, he would have insisted on going to trial." Campbell, 139 So. 3d at 497 (citing Nelson v. State, 996 So. 2d 950, 952 (Fla. 2d DCA 2008)).

Accordingly, we reverse the denial of claim three of the postconviction motion and remand for the postconviction court to strike the claim with leave for Mr. Coursey to file a facially sufficient motion within sixty days. See Fla. R. Crim. P. 3.850(f)(3) (directing that when a postconviction court finds that a timely motion contains some insufficient claims, it must enter a nonappealable order granting the defendant sixty days to file an amended motion sufficiently stating claims for relief); see also Spera v. State, 971 So. 2d 754, 761 (Fla. 2007). The order denying the motion for postconviction relief is otherwise affirmed.

Affirmed in part; reversed in part; remanded.


SILBERMAN and MORRIS, JJ., Concur.