ROWE, J.
The State appeals an order granting Jeffrey D. Williams’ motion to suppress marijuana found in. a package received by a third party at the third party’s address where Williams was neither the sender nor the addressee even though he was' the intended recipient. As a result of the search of the package, Williams was charged with conspiracy to possess more than twenty grams of marijuana with the intent to sell. The trial court granted Williams’ motion to suppress the evidence found as a result of the search of the package, finding that law enforcement should have known that the third party did not have authority to consent to the *1207 search'. Because the factual findings in the trial court’s order are not supported by competent, substantial evidence and. because Williams lacks standing to challenge the search, we reverse.

Facts

The charges against Williams arose from a joint investigation between the United States Postal Service and the Tallahassee Police Department. Local law enforcement was informed of a suspicious package that arrived overnight from California at the postal facility. The package listed “T. Lopez” as the sender and “Key Phillips” as the addressee. Law enforcement learned that no one named “Key Phillips” lived in the apartment complex designated on the address label. An investigator delivered the package as addressed; Cynthia Richardson, who resided at the apartment,, accepted the package, identified herself as “Key Phillips,” and signed her name as “Key Phillips.” An investigator asked to speak to Richardson about the package and informed her of his belief that the package contained illegal narcotics. She stated that she accepted the package on behalf of her friend, “Jeff.” When asked by the investigator if he could search the contents of the package, Richardson consented. Upon opening the package, the investigator discovered 2.12 pounds of marijuana.
Following the search of the package, Richardson showed the officer text messages on her phone that indicated the package was intended for someone listed as “Jeff’ in her phone contacts. Richardson agreed to text “Jeff’ to tell him to come pick up the package. Williams was the person that responded to the text message, and he was arrested after knocking on Richardson’s door. Based on the contents of the package delivered to Richardson, Williams was charged with conspiracy to possess more' than twenty grams of marijuana with the intent to sell.

Procedural History

Williams sought to suppress the evidence of the contenté of the package opened without á warrant, arguing that law enforcement could not have reasonably relied on Richardson’s consent. He argued that the investigator’s ■ reliance was unreasonable because Richardson -informed the investigator that the package did not belong to her, that she did not know the contents of the package, and that “Jeff’ was the intended recipient of the package. At the beginning of the suppression hearing, the State argued that Williams lacked standing to challenge the search because he did not have a legitimate privacy interest in the package. In an attempt to establish Williams’ standing, defense counsel presented the testimony of Investigator Daryl Morris.
Investigator Morris testified that inspectors at the post office flagged the package as suspicious and attempted to deliver the package to the front office of the apartment complex; they were advised that no one by the name of “Key Phillips” lived in the apartment complex. When the package was delivered to the listed address, Richardson accepted the package, indicated that she was “Key Phillips,” and signed for the package using that alias. Investigator Morris testified that he identified himself as a police officer before asking to speak with Richardson about the contents of the package. He testified that Richardson gave him permission to open the package. Investigator Morris did not obtain “Jeffs” contact information until after he had opened the package. He admitted that he did not have Williams’ permission to open the package, but he explained that he did not know “Jeff’ was Williams at that time. He testified that Williams was never in possession- of the package and *1208 Williams never claimed ownership of the package.
In the written order granting the motion to suppress, the trial court found that the package was addressed to “Keith Phillips” and that Richardson signed for the, package as “Keith Phillips.” The court concluded,
Law enforcement obviously knew that Ms. Richardson was not Keith Phillips. Ms. Richardson informed . Inspector Tabb that she was receiving the package for a friend named “Jeff.” She then allowed officer Tabb to check her cell phone where he obtained a number for “Jeff’. Tellingly, Officer Tabb never asked Ms. Richardson if she had the authority to open the package. No evidence was presented to show that she had either expressed authority or apparent authority to either open the package or give law enforcement the authority to open the package. The officers accepted her consent without question. With the knowledge available to them the officers knew or should have known that Ms. Richardson did not have authority to consent and that a warrant was needed to open the package.
The State appeals, arguing that Williams lacked standing to challenge the search and that Richardson had authority to consent to the search of the package.

Standard of Review

When reviewing a trial court’s ruling on a motion to suppress, this Court must determine whether the trial court’s factual findings are supported by competent, substantial evidence. Simms v. State, 51 So.3d 1264, 1265 (Fla. 2d DCA 2011). The trial court’s legal conclusions are reviewed de novo. Id. The trial court’s order in this case suffers from two flaws: (1) the trial court’s factual finding that the police obviously knew Richardson was not the addressee is not supported by the record; and (2) the trial court’s legal conclusion that Williams had standing to challenge the search and seizure of the package is erroneous.

Factual Findings

In the order on appeal, the trial court found that law enforcement imper-missibly relied on Richardson’s consent to search the package because law enforcement obviously ’knew that Richardson was not “Key Phillips.”[1] This factual finding is not supported by the record. While law enforcement was aware that no one legally named “Key Phillips” lived at the address listed on the package, this knowledge did not eliminate the possibility that someone using the alias “Key Phillips” lived in the apartment. In fact, the evidence established that Richardson was connected to that’ alias. She held herself out as “Key Phillips” when she signed for the package at issue, and she admitted to using the alias. From the evidence presented at the hearing, it was impermissible for the trial court to reach the conclusion that law enforcement “obviously” knew that Richardson was not “Key Phillips.”

Standing

Next, the trial court erred in determining that Williams had standing to challenge the search. Before a defendant may invoke the protections of the Fourth
*1209 Amendment, he must establish standing by showing that he has a legitimate expectation of privacy in the area searched or the item seized. State v. Young, 974 So.2d 601, 608 (Fla. 1st DCA 2008). “A legitimate expectation of privacy consists of both a subjective expectation and an objectively reasonable expectation, as determined by societal standards.” Id. A legitimate expectation of privacy is not created by a mere ownership or financial interest in the item seized. United States v. McKennon, 814 F.2d 1539, 1543 (11th Cir.1987). “Whether an individual possesses a constitutionally protected privacy interest depends upon the totality of circumstances.” Id. Once the State objects to a defendant’s standing, the defendant has the burden of proving that he had a legitimate expectation of privacy. Ingram v. State, 928 So.2d 423, 427 (Fla. 1st DCA 2006).
When determining whether a defendant has a legitimate privacy interest in a package sent through the mail or container shipped via a transportation company that was subject to a warrantless search, courts have generally considered the following factors: (1) whether the defendant is listed as the sender or addressee of the package; (2) if there is a fictitious name listed on the package, whether there is a connection between the defendant and the fictitious name; and (3) whether the defendant can demonstrate a legitimate expectation of privacy in the location where the package was delivered. Williams is unable to establish standing under any of these standards.
First, a defendant who is listed as the sender or addressee may establish standing to challenge a search because a sender and/or addressee has a legitimate privacy interest in the package sent through the mail. United States v. Jacobsen, 466 U.S. 109, 123 n. 22, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984); United States v. Goldsmith, 432 F.Supp.2d 161, 170 (D.Mass.2006). Conversely, a defendant who is neither the sender nor the addressee of a package generally has no privacy interest in the package and cannot assert a Fourth Amendment objection to its search. United States v. Pierce, 959 F.2d 1297, 1303 (5th Cir.1992).
These principles are explained in United States v. Smith, 39 F.3d 1143 (11th Cir.1994). In Smith,, the United States Postal Inspector intercepted an envelope addressed to Raquel Kirkconnell, which he believed contained a controlled substance. Id. at 1144. The inspector confronted Kirk-connell, stated that he knew what was in the envelope, and informed her that he believed that she was being used to receive drugs in the mail. Id. Kirkconnell indicated that the letter belonged to Smith, and she gave the inspector permission to open the letter. Id. The envelope contained LSD on a blotter paper medium. Id. Smith moved to suppress the evidence seized from the envelope; he admitted that he had arranged to have the letter sent to Kirkconnell, but he insisted that he did not authorize her to open the letter. Id. Smith was equivocal about his ownership interest in the letter. Id. Based on Smith’s equivocal testimony about his ownership interest and based on the fact that Smith was neither the sender nor the addressee on the package, the Eleventh Circuit upheld the lower court’s findings that Smith did not have a legitimate privacy interest in the envelope and that he lacked standing to object to the search. Id. at 1144-45. The reasoning in Smith is equally applicable to the case before this Court. Williams was neither the sender nor the addressee of the. package at issue. Also like Smith, Williams failed to establish an ownership interest in the package.
*1210 The circumstances in this ease parallel the facts presented in United States v. Colon-Solis, 508 F.Supp.2d 186, 188 (D.P.R.2007). In that case, Jorge Colon-Solis shipped a box from New Jersey to Puerto Rico containing over $96,000 in cash.concealed,inside a comforter and pillows. Colon-Solis arranged to have the package shipped to his friend, Marilyn Ma-dera, and she agreed to hold the package for him. ' Id. Even though Colon-Solis physically shipped the box, he listed .Ma-dera as both the shipper and recipient. Id. The package was selected for a random search by a customs agent who discovered the concealed money and seized the package. Id. When Colon-Solis arrived in Puerto Rico, he- obtained the delivery slip from Madera and attempted to pick up the package. Id. at 189. The seizure led to Colon-Solis’s indictment on multiple charges. Id. at 187-88. He moved to suppress the evidence obtained as a result of the search and seizure of the package, asserting that the,warrantless search was unlawful. Id. at 188.
Even though he was neither listed as the sender .nor the recipient, Colon-Solis argued that he had a privacy interest in the package because he was the actual sender and he was the intended recipient. Id. at 192. The district court noted that this was not a situation where the package was addressed to Colon-Solis under a fictitious name; rather, the package was addressed to an actual third person, Madera. Id. The district court held that Colon-Solis’s status as the intended recipient was insufficient to confer a legitimate privacy interest in''the package because he effectively transferred his interest in the box to Ma-dera when he fisted Madera as both the sender and recipient. Id. When Madera received-the box, she could have opened it at her discretion, Id. at 193. The court also determined that Colon-Solis’s ownership interest in the money contained in the package did not extend to the shipping container itself. Id. at 193.
Here, Williams argues that he has standing to challenge the warrantless search because . Richardson idéntified Williams to the investigator as the intended recipient of the package. We disagree. Even if the. package was intended for Williams, “this does not confer a legitimate expectation of privacy because it was addressed to and intended to be received by another individual.” Colon-Solis, 508 F.Supp.2d at 192. By addressing the package to Richardson under her alias and sending the package to Richardson’s address, Williams lost the ability to control the use of and access by others to the package. Id. at 193. Upon receipt of the package," Richardson could have opened the package at her discretion. Id. Williams did not present any evidence to establish that Richardson was' instructed to deliver the package to him unopened. Because Williams was neither the sender nor the addressee of the package, he had no legitimate expectation of privacy in the package.
Second, even where a defendant is not the sender or addressee, he may establish standing to challenge a search of a package if it is addressed to him under, his fictitious name.[2] United States v. Villarreal, 963 F.2d 770, 774 (5th Cir.1992) (“Although the consignee of the drums was *1211 technically a fictitious person named Roland Martin, this court has made clear that individuals may assert a reasonable expectation of privacy in packages addressed to them under fictitious names.”). In United States v. Garcia-Bercovich, 582 F.3d 1234, 1236 (11th Cir.2009), a transportation company received a shipment of thirteen boxes addressed to “Angel at, Natural Heat Systems” that was later discovered to contain 800 pounds of marijuana. Id. Soon thereafter, Angel Garcia-Bercovich arrived to pick up the shipment'and was arrested. Id. On appeal, the Eleventh Circuit agreed with Garcia-Bercovich’s argument that he had standing to challenge the search because the package was addressed to “Angel at Natural Heat Systems.” Id. at 1237.
In United States v. Richards, 638 F.2d 765, 767 (5th Cir.1981), Raymond Richards opened a post office box in the name of Mehling Arts & Crafts. A sealed package addressed to Mehling Arts & Crafts was inspected by-a customs official who discov-' ered the package contained heroin. Id. Richards was arrested after he took possession of the package and was charged with possession with the intent to distribute. Id. at 768. Richards presented evidence-that he-started Mehling Arts & Crafts as a mail order export/import business. Id. When addressing whether Richards had standing to challenge the search of the package, the court focused’ on the fact that the package' was sealed and addressed to Mehling Arts & Crafts, which was essentially Richards. Id. at 770. Even though Richards denied ownership óf the package, the court concluded that he still had a legitimate ¡expectation of privacy in a package that was in effect addressed to him. Id.
Williams also cannot establish-standing under this line of authority. Here, Williams presented no evidence to connect him to the alias, “Key Phillips.” Rather, the only evidence offered at the suppression hearing and in the record established that it was Richardson, not Williams, who used “Key Phillips” as an alias. Richardson signed for the package using that alias, she held herself out as “Key Philips” to the investigator, and. she admitted to, using that alias. Thus, unlike Garciar-Bercovich and Richards, Williams cannot establish standing to challenge the search based on a claim that the package was addressed to him under a fictitious name.
Third, a defendant may establish standing to challenge a search of a package that is riot addressed to him or to him under a fictitious name if he shows a legitimate expectation of privacy in the location where the package was delivered. United States v. Chaves, 169 F.3d 687, 690 (11th Cir.1999) (“[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable .... ”); see also United States v. Johnson, 25 F.Supp.3d 1034 (W.D.Mich.2014) (holding that Johnson did not have standing to challenge the seizure of an envelope that he did not send, that was not addressed- to him, and that was not mailed to his address); United States v. Elgin, 57 Fed.Appx. 659 (6th Cir.2003) (holding that a defendant did not have standing to challenge the search and seizure of a package where the package had not been sent by the defendant, addressed to the defendant, or mailed to the defendant’s address).
In United States v. Arrendando, 2012 WL 1677055 (M.D.Fla. May 14, 2012), a package sent from Mexico to Florida was inspected by federal agents who discovered that the package contained cocaine. Id. at *1. The package was addressed and delivered to Aura Sanayoa in Estero, Florida. Id. Subsequently, Sanayoa delivered *1212 the package to Luis Arrendondo who was arrested on multiple charges. Id. During questioning, Arrendondo told law enforcement that he was receiving the package for a member of a local drug group and that Sanayoa was his co-defendant’s sister-in-law who received pizzas and children’s toys for her family in exchange for accepting delivery of the package. Id. at *3. The district court concluded that Arrendondo lacked standing to challenge the search of the package because he failed to show a sufficient connection between himself and the package. Id. at *4. The court relied on the fact that Arrendondo was neither the sender nor the addressee on the package and the fact that Arrendondo had no connection to the location at which the package was received when determining that he lacked standing to challenge the search of the package. Id.
As in Arrendando, Williams failed to demonstrate a legitimate privacy interest in the location where the package was delivered and searched. He presented no evidence showing that he had any privacy interest in Richardson’s apartment. In fact, there was no evidence of any sort of connection between Williams and Richardson’s apartment. Thus, in light of the above described factors, the trial court erred in concluding that Williams had standing to challenge the search.

Conclusion

Because Williams’ status as the intended recipient of a package addressed to Richardson’s alias and mailed to Richardson’s address was insufficient to establish a legitimate privacy interest in the package, he lacked standing to challenge the search of the package. We, therefore, reverse the order granting the motion to suppress and remand for further proceedings.
WOLF, J., concurs with opinion; BENTON, J., dissents with opinion.

. The trial court's order repeatedly refers to the alias used on the package as “Keith Phillips,” not "Key Phillips,” It is unclear whether this was a mere typographical error or whether this error contributed to the trial court's conclusion that law enforcement obviously knew that Richardson, a female, was not “Keith Phillips.” Regardless of the type of error, the record does not support the 'court's conclusion that law enforcement obviously knew that Richardson lacked authority to consent to-the search.

. The dissent, in footnote 9, discusses the “unremarkable practice” of a person employing an alias and cites to authority supporting the rule that a defendant may establish a privacy interest in a package' addressed to a defendant’s alias or pseudonym. However, as explained infra, this line of authority has no application whatsoever to the facts presented in this case because Williams presented no evidence that he ever used’ the alias “Key Phillips.”