NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ISSAC G. SANCHEZ,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )      Case No. 2D16-1510
                                     )
STATE OF FLORIDA                     )
                                     )
            Appellee.                )
_____)

Opinion filed February 10, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

Issac G. Sanchez, pro se.

KHOUZAM, Judge.

        Issac Sanchez appeals the order summarily denying his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850, in which he

raised four claims of ineffective assistance of trial counsel.  Because grounds one and

two are either legally insufficient or conclusively refuted by the record, we affirm the

summary denial of relief on those grounds without further discussion.  But because

grounds three and four allege facially sufficient claims that are not conclusively refuted

by the attachments to the postconviction court's order, we reverse the summary denial

of these grounds and remand for the postconviction court to either attach record evidence that conclusively refutes them or grant Mr. Sanchez an evidentiary hearing.

The charges against Mr. Sanchez arose, in part, after law enforcement seized a package from a United States Post Office in Tampa in response to a narcotics dog's alert. The package was addressed to Jason Cardenas (an alias used by Mr. Sanchez) and contained a trafficking amount of heroin. Mr. Sanchez pleaded guilty to trafficking in illegal drugs (count one), felon in possession of a firearm (count two), unauthorized possession or use of a driver's license (count three), possession of less than twenty grams of cannabis (count four), conspiracy to traffic in illegal drugs (count five), and attempted trafficking in illegal drugs (count six). Before sentencing, he moved to withdraw his plea, but his motion was denied. He was sentenced to a three-year mandatory minimum sentence on count one, 66.37 months' prison on counts two and six, sixty months' prison on count three, and a fifteen-year mandatory minimum sentence on count five, all to run concurrently. This court entered a per curiam affirmance on Mr. Sanchez's direct appeal from his judgment and sentences. Garcia-Sanchez v. State, 174 So. 3d 1002 (Fla. 2d DCA 2015). Thereafter, Mr. Sanchez filed his timely motion for postconviction relief, which the postconviction court summarily denied.

We review the order summarily denying Mr. Sanchez's motion for postconviction relief de novo. See Meus v. State, 968 So. 2d 706, 710 (Fla. 2d DCA 2007). To plead a facially sufficient claim for relief, Mr. Sanchez was required to allege facts establishing that his trial counsel's performance was deficient and that he was prejudiced by that performance. See Grosvenor v. State, 874 So. 2d 1176, 1178 (Fla.

- 2 -

2004) (citing <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)).  Because Mr. Sanchez's motion followed the entry of a guilty plea to the underlying offenses, he had to allege that there existed "a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial" in order to establish that he was prejudiced by his trial counsel's deficient performance.  <u>Id.</u> at 1179 (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985)).  "A defendant is entitled to an evidentiary hearing on his postconviction motion unless (1) the motion, files and records in the case conclusively show that the defendant is not entitled to any relief, or (2) the motion or a particular claim is legally insufficient."  <u>Johnson v. State</u>, 904 So. 2d 400, 403 (Fla. 2005).  We accept Mr. Sanchez's factual allegations as true to the extent that they are not conclusively refuted by the record.  <u>See</u> <u>id.</u>

In ground three of his motion, Mr. Sanchez argued that his trial counsel was ineffective for advising him to plead guilty when "the heroin discovered by law enforcement was illegally seized absent a sufficiently reliable dog to alert the police to the Defendant's package that the Defendant [had] a reasonable expectation of privacy to."  He argued that no written reports containing the dog's certification or training records had been filed and that his counsel failed to investigate whether the dog was qualified or his alert reliable.  Mr. Sanchez also asserted that a timely motion to suppress based upon an unreliable dog alert would have been granted.  Had trial counsel informed Mr. Sanchez that the heroin seized by law enforcement could have been suppressed on this basis, he would not have entered into a plea and would have gone to trial.  Thus, he claimed, his plea was involuntary and he should be entitled to withdraw it.

In ground four, Mr. Sanchez argued that even assuming the alert by the narcotics dog was reliable, the package was illegally seized and opened by law enforcement because law enforcement did not first obtain a warrant to permit them to search the package based upon the alert. He alleged that the package was addressed to "Jason Cardenas, an alleged listed alias to [Mr. Sanchez]." He argued that his trial counsel was ineffective for failing to file a motion to suppress on this alternate basis and advising him to plead guilty without filing a motion to suppress. Accordingly, he concluded that his plea was involuntary and that he should be permitted to withdraw it.

The postconviction court found that Mr. Sanchez's allegations in grounds three and four stated facially sufficient claims for relief. But it summarily denied relief on both grounds, concluding that Mr. Sanchez could not prove the requisite prejudice. The court noted that Mr. Sanchez did not raise these issues in his motion to withdraw plea and that during his plea colloquy he represented that there was no further work or investigation that he wished his trial counsel to perform. However, the record attachments to the postconviction court's order do not establish that Mr. Sanchez was aware at the time he entered his plea or filed his motion to withdraw plea that counsel had grounds for suppressing the contraband. So Mr. Sanchez's expression of satisfaction with his counsel during his plea colloquy was not a valid basis for denying relief. See Jenkins v. State, 44 So. 3d 243, 244 (Fla. 2d DCA 2010) (holding that defendant's acknowledgment during plea colloquy that he was satisfied with counsel's performance did not refute claim that counsel failed to investigate where defendant's motion did not state when he learned of counsel's failure); see also Coursey v. State, 164 So. 3d 119, 120 (Fla. 2d DCA 2015) ("[A]n allegation that trial counsel provided

- 4 -

ineffective assistance by failing to file a motion to suppress is a legally sufficient claim, which is not waived by entry of a plea." (quoting Campbell v. State, 139 So. 3d 490, 497 (Fla. 2d DCA 2014))). Moreover, Mr. Sanchez alleged facially sufficient claims for relief based upon counsel's alleged failure to advise him of grounds for suppressing the contraband, thereby causing him to involuntarily enter into his plea. See Coursey, 164 So. 3d at 120; Campbell, 139 So. 3d at 497.

As a threshold issue, we note that Mr. Sanchez sufficiently alleged a legitimate expectation of privacy in the package to establish his standing to challenge its search and seizure. A defendant has a legitimate expectation of privacy in a package and standing to challenge its search if he is the addressee under a fictitious name linked to him. State v. Williams, 184 So. 3d 1205, 1209-11 (Fla. 1st DCA 2016). Here, Mr. Sanchez alleged that he had a reasonable expectation of privacy in the package, which was addressed to him under a fictitious name.

With respect to ground three, an alert by a properly trained narcotics detection dog generally provides probable cause for a search. State v. Grue, 130 So. 3d 256, 259 (Fla. 5th DCA 2013). But the alert must be sufficiently reliable based upon the totality of the circumstances. Id. (citing Florida v. Harris, 133 S. Ct. 1050, 1056-58 (2013)). Mr. Sanchez alleged that his counsel failed to investigate whether the dog's alert was sufficiently reliable and that a timely motion to suppress on those grounds would have been granted. Because Mr. Sanchez alleged that his counsel failed to advise him about a valid ground to suppress the contraband contained in the package prior to Mr. Sanchez's plea, he alleged a facially sufficient claim for relief. See Coursey, 164 So. 3d at 120; Campbell, 139 So. 3d at 497; Jenkins, 44 So. 3d at 244.

- 5 -

Similarly, Mr. Sanchez alleged a facially sufficient claim of ineffective assistance of counsel in ground four based upon counsel's alleged failure to file the motion to suppress because the package was searched without a warrant. See Coursey, 164 So. 3d at 120; Campbell, 139 So. 3d at 497. Mr. Sanchez correctly asserted that even if a reliable alert by the narcotics dog provided law enforcement with probable cause to seize the package, law enforcement could not search the package without first obtaining a warrant. See Daniels v. Cochran, 654 So. 2d 609, 613 (Fla. 4th DCA 1995) ("[A] canine sniff which alerts to a package does not eliminate the requirement that, absent exigent circumstances, consent or other recognized exceptions, a search warrant must be obtained before a search of the contents of the package passes constitutional muster."). Thus Mr. Sanchez alleged a facially sufficient claim for postconviction relief based upon his counsel's alleged failure to advise him of grounds to suppress the contraband prior to his plea. See Coursey, 164 So. 3d at 120; Campbell, 139 So. 3d at 497.

Based on the foregoing discussion, we reverse the order to the extent that it summarily denies relief on grounds three and four and remand for the postconviction court either to attach record evidence that conclusively refutes Mr. Sanchez's claims or to grant him an evidentiary hearing on these grounds. See Shelby v. State, 75 So. 3d 845, 847-48 (Fla. 2d DCA 2011).

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and BLACK, JJ., Concur.

- 6 -