# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3996

_____

ZACHARY M. MORALES,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Jr., Judge.

June 20, 2019

JAY, J.

In this appeal from his conviction for ten counts of possession of photographs depicting sexual conduct by a child, Appellant claims that the trial court committed reversible error in denying his motion to suppress, which asserted that law enforcement conducted an illegal warrantless search by opening and reviewing an image file that had been flagged by a private party as matching known child pornography. We affirm because the trial court properly found that Appellant failed to demonstrate that he had a reasonable expectation of privacy when he uploaded child pornography to an anonymous online chat room. Alternatively, we conclude that Appellant's motion was properly denied under the private search doctrine.

I.

Appellant uploaded a digital image file to an anonymous chatroom hosted by ChatStep, a private company in California. ChatStep had a subscription with PhotoDNA—a private company run by Microsoft—that compared the hash value of the file with the hash values of known images of child pornography. Upon receiving notification from PhotoDNA that the hash value of the file matched the hash value of known child pornography, ChatStep sent the image file to the National Center for Missing and Exploited Children (NCMEC), which then sent the file to the Florida Department of Law Enforcement (FDLE). It is undisputed that no person connected with PhotoDNA, ChatStep, or NCMEC had opened and viewed the file before it was sent to FDLE. An FDLE agent opened the file and confirmed that it contained child pornography, which was used to obtain a search warrant for Appellant's home and two computers.

After he was charged with ten counts of possession of photographs depicting sexual conduct by a child, Appellant filed a motion to suppress on the ground that FDLE conducted an unlawful search in violation of the Fourth Amendment when its agent opened the image file prior to obtaining a warrant. Appellant claimed that all evidence of child pornography—as well as his incriminating statements concerning the child pornography—had to be suppressed because the unlawful opening of the file tainted the subsequent search of Appellant's home and computers.

At the suppression hearing, the only witness to testify was Christopher Wilkinson, a forensics specialist for the Escambia County Sheriff's Office. Wilkinson testified that the hash value of a file was a secure computer-generated algorithm that ensured the authenticity of data shared between two or more users. Wilkinson further testified (1) that a hash value was so sensitive that if one took a picture file and changed the shading of one pixel out of the millions of pixels that made up the picture, the hash value would be completely different; (2) that there had never been two different files with the same hash value other than in a lab setting where it took two supercomputers over two years to manufacture an identical hash value for two different and very small (four kilobyte) files; (3) that it was not possible for the average home computer to

2

create the same hash value for two different pictures, each of which would contain from 256 kilobytes to 17 megabytes of data; and (4) that there was more of a chance that two random individuals shared the same DNA than two random files shared the same hash value. According to Wilkinson, when a hash value was identified in a database as child pornography, it had been identified by a human being as being child exploitative at one point in time, and it was not necessary for a company to have their employees repeatedly view such images, which often resulted in posttraumatic stress.

After Wilkinson's testimony, the parties presented argument on whether the opening of the image file constituted a search under the Fourth Amendment. The trial court then inquired about whether Appellant had a reasonable expectation of privacy when he uploaded child pornography to an online chatroom. After taking the matter under advisement, the trial court denied the motion to suppress on the ground that Appellant had not demonstrated that he had a reasonable expectation of privacy that would invoke the protections of the Fourth Amendment.

Afterwards, Appellant entered an open plea of nolo contendere to all ten counts, reserving the right to appeal the denial of his dispositive motion to suppress. The trial court adjudicated Appellant guilty and sentenced him to 36.4 months in prison followed by 2 years of community control and 5 years of probation. This appeal followed.

II.

Under article I, section 12 of the Florida Constitution, the right of individuals to be free from unreasonable searches and seizures must be construed in conformity with the Fourth Amendment to the United States Constitution as interpreted by the United States Supreme Court. *Clayton v. State*, 252 So. 3d 827, 829 (Fla. 1st DCA 2018). "For purposes of the Fourth Amendment, a 'search' occurs only when an individual's reasonable expectation of privacy is infringed by an agent of the government." *Duke v. State*, 255 So. 3d 478, 480 (Fla. 1st DCA 2018) (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). Thus, "a Fourth Amendment search does not occur . . . unless 'the individual manifested a subjective expectation of privacy in the object of the

3

challenged search,' and 'society [is] willing to recognize that expectation as reasonable.'" *Kyllo v. United States*, 533 U.S. 27, 33 (2001) (quoting *California v. Ciraolo*, 476 U.S. 207, 211 (1986)). "Before a defendant may invoke the protections of the Fourth Amendment, he must establish standing by showing that he has a legitimate expectation of privacy in the area searched or the item seized." *State v. Williams*, 184 So. 3d 1205, 1208-09 (Fla. 1st DCA 2016).

We conclude that the trial court properly denied Appellant's motion to suppress on the ground that Appellant failed to establish that he had a reasonable expectation of privacy when he uploaded child pornography to an online chatroom. The United States Court of Appeals for the First Circuit addressed a similar issue in *United States v. Morel*, 922 F.3d 1 (1st Cir. 2019).

In that case, Morel uploaded images to a digital album on Imgur, an image-hosting website. Following an anonymous tip to NCMEC, Imgur reviewed the images and reported six of them as containing child pornography to NCMEC, which provided the reports to law enforcement authorities in New Hampshire who used the reports to obtain a warrant to search Morel's computer. After he was charged with possession of child pornography, Morel filed a motion to suppress.

In denying the motion, the trial court concluded that Morel failed to demonstrate a reasonable expectation of privacy in the uploaded images absent any indication that Morel took affirmative steps to protect or prevent others from accessing images uploaded to Imgur's servers. The court observed that "[a]n individual who places a file on the Internet, without taking affirmative steps to protect the information it contains, cannot reasonably expect it to remain private." *United States v. Morel*, No. 14-cr-148-JL, 2017 WL 1376363, at *6-7 (D.N.H. Apr. 14, 2017).

On appeal, the First Circuit affirmed the denial of the motion to suppress. The court noted that in order to challenge the admissibility of evidence on Fourth Amendment grounds, "[t]he defendant carries the burden of making the threshold showing that he has 'a reasonable expectation of privacy in the area searched and in relation to the items seized'" and that "[t]his burden must be carried at the time of the pretrial hearing and on

4

the record compiled at that hearing." *Morel*, 922 F.3d at 8 (quoting *United States v. Stokes*, 829 F.3d 47, 51 (1st Cir. 2016)(quoting *United States v. Aguirre*, 839 F.2d 854, 856 (1st Cir. 1988))). The court went on to explain:

> Whether a defendant has a reasonable expectation of privacy is a fact-specific inquiry. *Aguirre*, 839 F.2d at 857. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351, 88 S. Ct. 507, 19 L.Ed.2d 576 (1967). "But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." *Id.*

> Factors especially relevant to determining whether one has a reasonable expectation of privacy include "ownership, possession and/or control; historical use of the property searched or the thing seized; ability to regulate access; the totality of the surrounding circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of a given case." *Stokes*, 829 F.3d at 53 (quoting *Aguirre,* 839 F.2d at 856–57).

*Id.* at 10. The court concluded that Morel failed to establish that he had a reasonable expectation of privacy in the images he uploaded to Imgur based on the lower court's findings that the images were publicly available and no evidence suggested that Morel took affirmative steps to protect the images. *Id.*

Likewise, in this case, Appellant failed to establish that he had a reasonable expectation of privacy in the image file he uploaded to the anonymous online chatroom hosted by ChatStep. There is nothing in the record indicating the number of participants in the chat room, whether Appellant had exclusive control to admit people into the chat room, or whether ChatStep monitored the chat room for illegal activity as part of its service agreement. Although the chat room was characterized below as "private," this alone was not sufficient to establish a reasonable expectation of privacy. Appellant presented no evidence that the uploaded file was password-protected, or that he took any

5

affirmative steps to restrict access to the file. Because Appellant did not carry his burden of making a threshold showing that he had a reasonable expectation of privacy, he could not challenge the admissibility of the evidence on Fourth Amendment grounds.

III.

Even if Appellant had established a reasonable expectation of privacy, "[t]he Fourth Amendment is 'wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" *Duke*, 255 So. 3d at 480-81 (quoting *Jacobsen*, 466 U.S. at 113). Thus, "[w]here a warrantless search by law enforcement is prompted by a prior search by a private party, the warrantless search does not violate the Fourth Amendment so long as it does not exceed the scope of the private party's search." *Id.* at 481.

Here, the warrantless search by law enforcement did not violate the Fourth Amendment where it was prompted by a prior search by a private party and did not exceed the scope of the private party's search. This same issue was addressed by the United States Court of Appeals for the Fifth Circuit in *United States v. Reddick*, 900 F.3d 636 (5th Cir. 2018).

In that case, Reddick uploaded digital image files to Microsoft SkyDrive, a cloud hosting service that used PhotoDNA to automatically scan the hash values of user-uploaded files and compare them against the hash values of known images of child pornography. When PhotoDNA detected a match, it created a CyberTip and sent the file to NCMEC. In early 2015, Microsoft sent CyberTips to NCMEC based on the hash values of the files Reddick had uploaded to SkyDrive. In turn, NCMEC forwarded the CyberTips to the Corpus Christi Police Department where Detective Ilse opened each of the suspect files and confirmed that each contained child pornography. Shortly thereafter, Detective Isle applied for and received a warrant to search Reddick's home and seize his computer and related materials.

After being indicted for possession of child pornography, Reddick filed a motion to suppress on the ground that the detective's warrantless opening of the files associated with the

6

CyberTips constituted an unlawful search. After the trial court denied the motion, Reddick entered a guilty plea reserving the right to appeal the denial of his suppression motion.

On appeal, the Fifth Circuit affirmed the denial of the motion to suppress, explaining:

> When Reddick uploaded files to SkyDrive, Microsoft's PhotoDNA program automatically reviewed the hash values of those files and compared them against an existing database of known child pornography hash values. In other words, his "package" (that is, his set of computer files) was inspected and deemed suspicious by a private actor. Accordingly, whatever expectation of privacy Reddick might have had in the hash values of his files was frustrated by Microsoft's private search.

> When Detective Ilse first received Reddick's files, he already knew that their hash values matched the hash values of child pornography images known to NCMEC. As our court has previously noted, hash value comparison "allows law enforcement to identify child pornography with almost absolute certainty," since hash values are "specific to the makeup of a particular image's data." *United States v. Larman*, 547 F. App'x 475, 477 (5th Cir. 2013) (unpublished). *See also United States v. Sosa-Pintor*, 741 F. App'x 207, 208 (5th Cir. 2018) (unpublished) (describing a file's hash value as its "unique digital fingerprint").

> Accordingly, when Detective Ilse opened the files, there was no "significant expansion of the search that had been conducted previously by a private party" sufficient to constitute "a separate search." *Walter v. United States*, 447 U.S. 649, 657, 100 S. Ct. 2395, 65 L.Ed.2d 410 (1980). His visual review of the suspect images—a step which merely dispelled any residual doubt about the contents of the files—was akin to the government agents' decision to conduct chemical tests on the white powder in [*United States v. Jacobsen*, 466 U.S. 109 (1984)]. "A chemical test that merely discloses whether or not a particular substance is cocaine does not compromise any legitimate

7

interest in privacy." 466 U.S. at 123, 104 S. Ct. 1652. This principle readily applies here—opening the file merely confirmed that the flagged file was indeed child pornography, as suspected. As in *Jacobsen*, "the suspicious nature of the material made it virtually certain that the substance tested was in fact contraband." Id. at 125, 104 S. Ct. 1652.

*Id.* at 639.

Similarly, in this case, the FDLE agent's warrantless review of the digital image file did not violate the Fourth Amendment because (1) whatever expectation of privacy Appellant might have had in the hash value of the file was frustrated by ChatStep's private search, which matched the hash value of the file to known child pornography; (2) the visual review of the file was not a significant expansion of ChatStep's private search because it merely confirmed what the hash value match already had established with almost virtual certainty; and (3) there was no indication that the agent had searched any of Appellant's files not flagged as child pornography. Accordingly, we conclude that the denial of Appellant's motion to suppress was also proper under the private search doctrine.

IV.

The trial court properly denied Appellant's motion to suppress because Appellant failed to carry his threshold burden of demonstrating that he had a reasonable expectation of privacy when he uploaded child pornography to an anonymous online chatroom hosted by ChatStep. Alternatively, even if Appellant had demonstrated a reasonable expectation of privacy, the denial of Appellant's motion to suppress was proper under the private search doctrine because FDLE's search was prompted by a prior search by private parties—ChatStep and PhotoDNA—and did not exceed the scope of that private search.

AFFIRMED.

ROWE and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public, Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.