[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10887

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTONY JUNIOR HARRIS,
a.k.a. Anthony Harris,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cr-80088-RS-1

_____

Before WILSON, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Antony Harris appeals his convictions for conspiracy to possess and for attempt to possess with intent to distribute fentanyl and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Harris challenges the district court's denial of his motion to suppress evidence obtained following the search and seizure of a package at a FedEx distribution facility. The district court concluded that Harris lacked a legitimate expectation of privacy in the package and, thus, lacked standing to raise a Fourth Amendment challenge. No reversible error has been shown; we affirm.

We review the denial of a motion to suppress under a mixed standard of review, examining the district court's factual determinations for clear error and reviewing the district court's application of law to those facts *de novo*. *See United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007). We construe all facts in the light most favorable to the prevailing party -- here, the government. *See id*.

The Supreme Court has recognized that mailed packages constitute "effects" that are subject to Fourth Amendment protection. *See United States v. Jacobsen*, 466 U.S. 109, 114 (1984). A person has Fourth Amendment standing to challenge a search when he has a reasonable expectation of privacy in the area searched. *See United States v. Cohen*, 38 F.4th 1364, 1368 (11th Cir. 2022). To demonstrate a legitimate expectation of privacy, a defendant must show (1) that

22-10887                Opinion of the Court                3

he "manifest[ed] a subjective expectation of privacy in the object of the challenged search," and (2) that "society [is] willing to recognize that expectation as legitimate." *See United States v. McKennon*, 814 F.2d 1539, 1542-43 (11th Cir. 1987).  In determining whether a defendant has made the requisite showing, courts consider the totality of the circumstances, including "preliminary statements of ownership asserted . . . at the motion to suppress hearing." *See United States v. Hawkins*, 681 F.2d 1343, 1345 (11th Cir. 1982).

Generally speaking, a person who is neither the sender nor the addressee of a package can demonstrate no legitimate expectation of privacy in the contents of the package. *See United States v. Smith*, 39 F.3d 1143, 1145 (11th Cir. 1994).  Under certain circumstances, we have recognized that a person may assert a reasonable expectation of privacy in a package addressed to them under an alternate name. *See United States v. Garcia-Bercovich*, 582 F.3d 1234, 1238 (11th Cir. 2009) (concluding that the defendant -- Angel Garcia-Bercovich -- had a legitimate expectation of privacy in a package addressed to "Angel at Natural Heat Systems"); *United States v. Richards*, 638 F.2d 765, 770 (5th Cir. 1981) (concluding that a package addressed to a business entity established by the defendant was "in effect" addressed to the defendant).

Here, Harris sought to suppress evidence discovered following the search of a FedEx package containing fentanyl and methamphetamine.  The shipping label listed the package's sender as a Mailbox Plus location in California.  The package was addressed to "C. Bucklin" at an apartment in Lantana, Florida.  The Lantana

apartment was the personal residence of Alexis Bucklin: a woman Harris was then dating.

At the suppression hearing, Harris testified that he arranged for his California drug supplier to mail the package to a fictitious person ("C. Bucklin") at the Lantana address. The package was delivered to a common area in front of the Lantana apartment building. Harris then instructed Alexis Bucklin to move the package from the common area to her apartment where she was expected to hand the unopened package over to Harris. Harris later took the package from the Lantana apartment to his residence in Boynton Beach, Florida.

Officers observed Harris enter the Boynton Beach address and arrested Harris shortly thereafter. Upon searching the Boynton Beach address, officers found the package (which already had been opened) and its contents, a drug ledger, and other drug paraphernalia. Officers also found Harris's clothing, shoes, jewelry, and other personal belongings.

At the suppression hearing, Harris testified that he had been expecting a package of marijuana. While the package was in transit, however, Harris said his drug supplier notified him that the package had been sent in error and contained the wrong contents. As a result, Harris testified that he intended to return the package to the sender.

Under the circumstances involved in this case, the district court committed no error in concluding that Harris failed to demonstrate a legitimate expectation of privacy in the package.

Harris was neither the sender nor the listed addressee on the package. And Harris raises no challenge on appeal to the district court's determination that Harris failed to establish a reasonable expectation of privacy in the Lantana apartment listed on the package as the delivery address.

The district court also determined reasonably that Harris failed to establish "a strong nexus or alter ego relationship" between himself and the fictitious name "C. Bucklin." Harris presented no evidence showing that he had fake identification using the name "C. Bucklin" or that he had set up a corporation, bank account, utility, or bill using that name. On appeal, Harris contends that he used the fictitious name "C. Bucklin" on at least three drug-filled packages. But Harris also testified inconsistently at the suppression hearing that the package was addressed mistakenly to "C. Bucklin" after his drug supplier misheard Harris's instruction to address the package to "Fredrick Bucklin." The evidence -- viewed in the government's favor -- supports the district court's determination that Harris failed to demonstrate a connection to the fictitious name "C. Bucklin" sufficient to establish Fourth Amendment standing.

The district court committed no error in concluding that Harris lacked a legitimate expectation of privacy in the package.[*]

---

[*] We also agree with the district court's alternative ruling that -- even if Harris could show a legitimate expectation of privacy -- he demonstrated no Fourth Amendment violation. The record evidence supports the district court's

6                        Opinion of the Court                    22-10887

We affirm the district court's denial of Harris's motion to suppress evidence.

AFFIRMED.

.

---

determination that the package was opened by a FedEx employee: a private person who was not acting as an instrument or agent of the government.